## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

                vs.                      CIVIL NO. 12-257 (JB-LFG )

LARRY A. GOLDSTONE,
CLARENCE G. SIMMONS, III, and
JANE E. STARRETT,

        Defendants.

### PLAINTIFF'S MOTION FOR PERMISSION TO FILE SURREPLY OR, IN THE ALTERNATIVE, FOR THE COURT TO DISREGARD NEW ARGUMENTS RAISED IN DEFENDANT JANE STARRETT'S REPLY IN SUPPORT OF MOTION TO DISMISS

Plaintiff Securities and Exchange Commission ("Commission") moves for permission to file a surreply responding to new arguments raised by Defendant Jane Starrett for the first time in her Reply in Support of Motion to Dismiss ("Starrett Reply") (Dckt. 57). Alternatively, the Commission requests that the Court disregard her arguments that the Commission's Complaint fails to state a claim for scheme liability, because those arguments could have, and should have, been made in her initial motion – thereby giving the Commission something to respond to in its response.

Pursuant to District of New Mexico Local Rule 7.1(a), movant notes that Ms. Starrett opposes the Commission having any opportunity to respond to her new assertion that no scheme has been alleged.

Ms. Starrett does not dispute that she failed to challenge the Commission's allegations of scheme liability in her Motion to Dismiss.  Her arguments that scheme liability is not adequately pled arise for the first time in her Reply.  The Court therefore has two permissible courses of action; it can either permit a surreply or refrain from relying on any new material in Ms. Starrett's Reply.  *Beaird v. Seagate Tech, Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998); *Pippin v. Burlington Res. Oil and Gas Co.*, 440 F.3d 1186, 1192 (10th Cir. 2006).

Ms. Starrett argues that her belated raising of this issue should be excused because the Commission was "hiding the ball."  Starrett Reply at 4 n.4.  However, as explained more fully in the Commission's proposed Surreply, which is attached to this motion and incorporated herein by reference, the Complaint explicitly alleges that Ms. Starrett participated in a scheme.  *See* Compl. ¶ 5, at 3.  It also alleges that Defendants violated Section 10(b) of the Exchange Act and Rule 10b-5 thereunder in that they "(a) employed devices, schemes or artifices to defraud; (b) made untrue statements of material fact or omitted to state facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (c) engaged in acts, practices, or courses of business which operated or would operate as a fraud or deceit upon another person."[1]  Compl. ¶ 107, at 31.  Further, in preparing the parties' Joint Status Report and Provisional Discovery Plan, the Commission made only one change to the "Nature of the Case" language drafted by Defendants – it inserted "and/or engaged in a scheme to defraud" after the statement that the Complaint alleged that Defendants made material misstatements or omissions.  *See* Declaration of Gregory A. Kasper, dated July 27, 2012

---

[1] Similarly, the Complaint makes reference to each subsection of Section 17(a) of the Securities Act, including those that have been interpreted to encompass scheme liability.  Compl. ¶ 118, at 33.

2

(attached to proposed surreply), Ex. A).  This assertion was highlighted to Defendants in track change format on May 3, 2012, prior to Ms. Starrett filing her Motion to Dismiss.  (*Id*.)  Thus, her claim in her Reply that an allegation of scheme liability came "as a great surprise" (Starrett Reply at 3) is dubious.

The Commission therefore requests that the Court either consider the attached proposed surreply to Ms. Starrett's Reply in Support of Motion to Dismiss or refrain from considering arguments raised in her Reply, for the first time, that the Commission has failed to adequately allege scheme liability.

DATED this 28th day of July, 2012

>s/ Stephen C. McKenna
>STEPHEN C. MCKENNA
>GREGORY A. KASPER
>Attorneys for Plaintiff
>Securities and Exchange Commission
>1801 California Street, Suite 1500
>Denver, CO  80202
>Ph. (303) 844-1000
>email:
>mckennas@sec.gov
>kasperg@sec.gov

3

## CERTIFICATE OF SERVICE

        I hereby certify that on July 28, 2012, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system that will send notification of such filing to all counsel of record, which includes:

Alanna G. Buchanan (alanna.buchanan@wilmerhale.com)
Joel Fleming (joel.fleming@wilmerhale.com)
Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mil Road
Palo Alto, CA 94304
Phone: (650) 858-6000
Fax: 650-858-6100

Randall R. Lee (Randall.lee@wilmerhale.com)
Jessica F. Kurzban (Jessica.kurzban@wilmerhale.com)
Peiyin Patty Li (Patty.li@wilmerhale.com)
Wilmer Cutler Pickering Hale and Dorr LLP
350 S. Grand Avenue, Suite 2100
Los Angeles, CA 90071
Phone: (213) 443-5360
Fax:

John A. Valentine (john.valentine@wilmerhale.com)
Wilmer cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Ave., NW
Washington, DC 20006
Phone:  (202) 663-6131
Fax:  (202) 663-6363
*Attorneys for Defendants Larry Goldstone and Clarance Simmons, III*

Andrew G. Schultz (aschultz@rodey.com)
Bruce D. Hall (bhall@rodey.com)
Rodey, Dickason, Sloan, Akin & Robb, P.A.
201 3rd Street NW, Suite 2200
P.O. Box 1888
Albuquerque, NM 87102
*Attorneys for defendants Larry Goldstone, Jane E. Starrett and Clarence Simmons, III*


Jerry L. Marks (jmarks@milbank.com)
Alisa Schlesinger (aschlesinger@milbank.com)
Elena Kilberg (ekilberg@milbank.com)
Paul M. Torres (ptorres@milbank.com)

4

Robert J. Liubicic (rliubicic@milbank.com)
Milbank, Tweed, Hadley & McCloy LLP
601 S. Figueroa Street, 30th Floor
Los Angeles, CA 90017
Phone (213) 892-4000
Fax:  (213) 892-5063

Thomas Arena (tarena@milbank.com)
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005
Phone: (212) 530-5000
Fax:  (212) 530-5219

*Attorneys for defendant Jane Starrett*

                                              s/ Gregory A. Kasper
                                              Gregory A. Kasper