IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

vs.                                                                 No. 1:12-cv-00257-JB-LFG

LARRY GOLDSTONE, CLARENCE G. SIMMONS,
III, and JANE STARRETT,

    Defendants.

**DEFENDANT JANE STARRETT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
PERMISSION TO FILE SURREPLY**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................................1

ARGUMENT ..................................................................................................................................1

I.  THE SEC'S ONLY STATED BASIS FOR THE SURREPLY—TO RESPOND TO
    "NEW ARGUMENTS"—IS NOT ACCURATE ................................................................1

II. THE SEC DID NOT COMPLY WITH ITS OBLIGATION TO MEET AND
    CONFER IN ADVANCE OF FILING ITS SURREPLY MOTION .................................4

III. THE SEC'S SURREPLY MOTION HIGHLIGHTS THAT THE SEC HAS
     FAILED TO—AND CANNOT—PLEAD A SCHEME LIABILITY THEORY ..............4

IV. IF THE COURT GRANTS THE SEC'S SURREPLY MOTION, MS. STARRETT
    REQUESTS THAT SHE BE GIVEN AN OPPORTUNITY TO RESPOND ...................6

**PRELIMINARY STATEMENT**

In an apparent effort to get the "last word" on Ms. Starrett's Motion to Dismiss [Doc. 36], the SEC has filed a weekend motion ("Surreply Motion") asking the Court's permission to file—while simultaneously attaching—a lengthy Surreply on the issue of whether the Complaint pleads scheme liability against Ms. Starrett. Having made no effort to clearly identify a scheme theory, much less allege facts supporting such a theory in its Complaint,[1] the SEC now asks—just over two days before Tuesday's hearing on Defendants' motions to dismiss, and without ever conferring with Defendants—to be rewarded for its gamesmanship by receiving an *additional* thirteen pages of surreply briefing on an issue it *already addressed* in its Opposition [Doc. 49]. While the SEC's last-minute request certainly highlights a desperate concern about its vulnerability on this theory, the SEC has given this Court no basis for permitting such a surreply. The Court should not indulge such tactics, and should deny the Surreply Motion outright. If, however, the Court is inclined to allow the SEC to file its Surreply, then Ms. Starrett requests that the Court not review the Surreply until after the hearing on Defendants' motions to dismiss and afford Ms. Starrett—the moving party here, who is entitled to the last word on this issue—an opportunity to respond in writing to the SEC's arguments at an agreed-upon date.[2]

**ARGUMENT**

**I.   THE SEC'S ONLY STATED BASIS FOR THE SURREPLY—TO RESPOND TO "NEW ARGUMENTS"—IS NOT ACCURATE**

Surreplies are generally denied absent a compelling justification. See Sosna v. Bank of Am., N.A., No. 10-2374-JTM, 2011 U.S. Dist. LEXIS 28931, at *16-17 (D. Kan. Mar. 21, 2011)

---

[1] Capitalized terms have the same meaning as in Ms. Starrett's opening brief.

[2] Mr. Goldstone and Mr. Simmons join in Ms. Starrett's Opposition to Plaintiff's Motion for Permission to File Surreply.

1

("[S]urreplies are heavily disfavored . . . and are permitted only in 'the most extraordinary circumstances.'"); see also High Point SARL v. Sprint Nextel Corp., No. 09-2269-CM-DJW, 2012 U.S. Dist. LEXIS 62438, at *14 (D. Kan. May 4, 2012) (denying motion for leave to file a surreply where the surreply rehashed arguments the defendant already made in its response because "a surreply is not customary and . . . an opposed surreply is allowed only . . . under rare circumstances.").

The SEC claims that it needs to file a surreply to respond to "new arguments" raised by Ms. Starrett in her Reply Brief ("Reply Br.") [Doc. 57]. But that is simply not accurate. It was the *SEC* that first raised and briefed the issue of scheme liability in its Opposition. Indeed, under the heading "Plaintiff Alleged Particularized Facts That Ms. Starrett Participated in a Scheme," the SEC spent three pages specifically addressing scheme liability, citing nine cases and referring to several paragraphs of the Complaint that supposedly contain factual allegations supporting scheme liability. In her Reply Brief, Ms. Starrett simply *responded* to the SEC's points and authorities, which is precisely the purpose of a reply brief. What the SEC really wants then is to get the last written word on Ms. Starrett's Motion to Dismiss—on the eve of the scheduled hearing on that Motion—to make points or cite cases it could have made or cited in its Opposition, but chose not to. But permitting a surreply for that purpose would turn standard motion practice on its head and would clearly frustrate the rule of allowing the moving party to present the last written word on a motion. Sims v. Paramount Gold & Silver Corp., No. CV 10-356-PHX-MHM, 2010 U.S. Dist. LEXIS 135661, at *20 (D. Ariz. Dec. 20, 2010) ("Surreplies . . . are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter.").

Nor do the SEC's two cases cited in its Surreply Motion support this extraordinary relief. Both <u>Beaird v. Seagate Technology, Inc.</u>, 145 F.3d 1159, 1164 (10th Cir. 1998), and <u>Pippin v. Burlington Resources Oil and Gas Co.</u>, 440 F.3d 1186, 1192 (10th Cir. 2006), involved the introduction of new documentary evidence in subsequent briefing related to summary judgment motions. But of course here, Ms. Starrett has not raised any new legal arguments or presented any new evidence. She has simply responded to arguments raised by the SEC in its Opposition.

Allowing the SEC's Surreply would also have the unfair effect of giving the SEC sixteen pages to address this issue (three pages in its Opposition plus thirteen pages in its Surreply), while Ms. Starrett used only six pages to address the same issue. It also does not appear that the SEC needs a surreply to address any newly decided cases, inasmuch as every single case cited in the proposed Surreply was decided *before*—and in many instances, years before—the SEC filed its Opposition and the SEC could have chosen to cite any of them at that time. <u>Sosna</u>, 2011 U.S. Dist. LEXIS 28931, at *16 (denying motion to file a surreply for the "putative reason[] of supplying 'previously un-cited authorities'" because "[w]hat is wholly absent from [plaintiff's] request is any explanation as to why such additional authorities and arguments could not have been submitted in his original Response."); see <u>Lopez v. Garcia</u>, 1 F. Supp. 2d 1404, 1406 (D.N.M. 1997) (denying motion to file surreplies "because each reply filed by the defendants contained no new information to which [plaintiff] needed the opportunity to file a surreply" and, under such circumstances, "[t]he surreplies would be nothing more than surplusage."). In sum, the SEC has provided no reason to receive the "extraordinary" relief of a surreply.

3

**II.     THE SEC DID NOT COMPLY WITH ITS OBLIGATION TO MEET AND CONFER IN ADVANCE OF FILING ITS SURREPLY MOTION**

This Court's Local Rules require that a party make a good-faith effort to seek the other party's concurrence with a proposed motion. D.N.M.LR-Civ. 7.1(a). The SEC did not even attempt to comply with that Rule. Ms. Starrett filed her Reply Brief on July 20, 2012. During the following eight days, the SEC did not contact counsel to discuss its proposed Surreply Motion or even to give counsel a "heads up" that it would be filing such a motion. Instead, the SEC waited until after 4:00 pm local time on the Saturday before Tuesday morning's hearing on the Motion to Dismiss—eight days after Ms. Starrett filed her Reply Brief—to file its Surreply Motion. The Surreply Motion does not indicate that any effort was made to "meet and confer" about it, because none was made. The SEC is well aware that counsel for Ms. Starrett would be traveling on Monday for Tuesday's hearing, thus giving counsel an extremely limited opportunity to properly respond to the Surreply Motion. Tactics such as these are improper, and unbecoming of an institution such as the SEC. This eleventh-hour maneuver has put Defendants, their counsel, and the Court in the unfair—and completely unnecessary—position of having to address the SEC's request under an extreme time crunch.

**III.    THE SEC'S SURREPLY MOTION HIGHLIGHTS THAT THE SEC HAS FAILED TO—AND CANNOT—PLEAD A SCHEME LIABILITY THEORY**

Although Ms. Starrett requests that the Court deny the SEC's Surreply Motion, even if the Court were to consider the SEC's Surreply, it would not change the fact that the SEC has not alleged and cannot allege scheme liability against Ms. Starrett. That the SEC needs an additional 13 pages to address the legal arguments it already made in its Opposition speaks volumes about the weakness of its position. As Ms. Starrett explained in her Reply Brief, the SEC brought this

case against her as a misrepresentations and omissions case, which it is now endeavoring to convert into a scheme liability case. (Reply Br. at 2-4.) The SEC's Surreply Motion argues that the Complaint explicitly alleges Ms. Starrett participated in a scheme by citing the same cryptic "and/or" language Ms. Starrett already identified in her Reply Brief. (Surreply Motion at 2; Reply Br. at 3.) The SEC further touts itself as a beacon of clarity by citing to paragraph 107 of the Complaint. (Surreply Motion at 2.) But paragraph 107 is simply a recitation of Rule 10b-5 against all Defendants, not a particularized, differentiated scheme allegation against Ms. Starrett. Nowhere in the Complaint, in the Joint Status Report, or anywhere else did the SEC make clear, prior to filing its Opposition, that it was not attempting to sue Ms. Starrett for having made any false statement or omission. Had the SEC truly attempted to bring a scheme liability against Ms. Starrett from the get-go, as it now suggests, it could easily have made this clear in the Complaint. This sort of pleading maneuver has already been rejected by the courts and should be rejected here. See SEC v. Kelly, 817 F. Supp. 2d 340, 343-44 (S.D.N.Y. 2011). And as we have repeatedly noted, this is also improper "puzzle pleading" of the worst kind.

But whether the SEC originally intended to allege scheme liability in its Complaint or is simply attempting to do so now, it remains clear that none of the alleged deceptive acts to which the SEC points state a claim of scheme liability against Ms. Starrett because they are all, at bottom, inextricably intertwined with the alleged misrepresentations. (Reply Br. at 5-6 (discussing Kelly, 817 F. Supp. 2d at 342-44).) As also discussed, the purported acts on which the SEC bases its scheme claim are not inherently deceptive. (Reply Br. at 7.) None of the cases cited by the SEC's Opposition and none of the additional authorities upon which the SEC relies in its Surreply show that the SEC has adequately alleged scheme liability against Ms. Starrett.

### IV.  IF THE COURT GRANTS THE SEC'S SURREPLY MOTION, MS. STARRETT REQUESTS THAT SHE BE GIVEN AN OPPORTUNITY TO RESPOND

For all of the foregoing reasons, the Court should deny the SEC's Surreply Motion.  In the event the Court is inclined to consider the SEC's Surreply and grant the SEC's Surreply Motion, Ms. Starrett requests that the Court refrain from reading the SEC's Surreply until after Tuesday's hearing.  Ms. Starrett also requests that she be given an opportunity to respond in writing no later than Monday, August 6, 2012 with an opposition of no more than 10 pages.

                RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

                By: /s/ *Andrew G. Schultz*
                    Bruce Hall
                    Andrew G. Schultz
                P. O. Box 1888
                Albuquerque, NM 87103
                Telephone:  (505) 765-5900
                Facsimile:  (505) 768-7395
                E-mail:  bhall@rodey.com
                              aschultz@rodey.com

                *Attorneys for Defendants Larry Goldstone, Clarence G. Simmons, III, and Jane E. Starrett*

                -and-

| MILBANK, TWEED, HADLEY & MCCLOY LLP | MILBANK, TWEED, HADLEY & MCCLOY LLP |
|---|---|
| Jerry L. Marks | Thomas A. Arena |
| Robert J. Liubicic | 1 Chase Manhattan Plaza |
| 601 S. Figueroa Street, 30th Floor | New York, NY 10005 |
| Los Angeles, CA 90017 | Telephone:  (212) 530-5000 |
| Telephone:  (213) 892-4000 | Facsimile:  (212) 530-5219 |
| Facsimile:  (213) 629-5063 | tarena@milbank.com |
| jmarks@milbank.com | |
| rliubicic@milbank.com | |
| | *Attorneys for Defendant Jane E. Starrett* |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 30, 2012, Defendant Jane Starrett's *Opposition to Plaintiff's Motion for Permission to File Surreply* was electronically filed with the Clerk of Court using the CM/ECF system that that will send notification of such filing to all counsel of record.

| | |
|---|---|
| Michael H. Hoses<br>Assistant United States Attorney<br>P.O. Box 607<br>Albuquerque, NM 87103<br>Michael.hoses@usdoj.gov | Stephen C. McKenna<br>Gregory Kasper<br>Securities & Exchange Commission<br>1801 California Street, Suit 1500<br>Denver, CO  80202<br>mckennas@sec.gov<br>kasperg@sec.gov |
| WILMER CUTLER PICKERING<br>    HALE & DORR LLP<br>        Randall R. Lee<br>        Jessica Freiheit Kurzban<br>        Peiyin Patty Li<br>350 South Grand Ave., Suite 2100<br>Los Angeles, CA  90071<br>Telephone:     (213) 443-5300<br>Facsimile:      (213) 443-5400<br>randall.lee@wilmerhale.com<br>jessica.kurzban@wilmerhale.com<br>patty.li@wilmerhale.com | WILMER CUTLER PICKERING<br>    HALE & DORR LLP<br>        Alanna G. Buchanan<br>        Joel Fleming<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone:     (650) 858-6000<br>Facsimile:      (650) 858-6100<br>alanna.buchanan@wilmerhale.com<br>joel.fleming@wilmerhale.com |
| WILMER CUTLER PICKERING<br>    HALE & DORR LLP<br>        John A. Valentine<br>1875 Pennsylvania Avenue, NW<br>Washington, DC  20006<br>Telephone:     (202) 663-6000<br>Facsimile:      (202) 663-6363<br>john.valentine@wilmerhale.com | |

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By      */s/ Andrew G Schultz*                               .
           Andrew G. Schultz