IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SECURITIES AND EXCHANGE COMMISSION,

       Plaintiff,                                      No. 1:12-cv-00257-JB-LFG

vs.

LARRY A. GOLDSTONE,
CLARENCE G. SIMMONS, III,
and JANE E. STARRETT,

       Defendants.

**DEFENDANT JANE STARRETT'S RESPONSE TO**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

      The SEC's "supplemental authority," <u>SEC v. Sells</u>, 2012 U.S. Dist. LEXIS 112450 (N.D. Cal. Aug. 10, 2012), *underscores* that the Complaint fails to state a claim for scheme liability against Ms. Starrett. *First*, the conduct alleged in <u>Sells</u>—unlike the conduct the SEC alleged here and in <u>SEC v. Kelly</u>, 817 F. Supp. 2d 340 (S.D.N.Y. 2011), and <u>SEC v. Lucent Technologies, Inc.</u>, 610 F. Supp. 2d 342 (D.N.J. 2009)—was *inherently deceptive* and *distinct from* any alleged misrepresentation or omission. Specifically, to boost reported revenue and in violation of the company's revenue recognition policy, the defendants in <u>Sells</u> allegedly (i) orchestrated *fictitious* product sales, (ii) created *false* forms documenting those sales, and (iii) procured *forged* signatures from customers and sales representatives. <u>Sells</u>, 2012 U.S. Dist. LEXIS 112450, at *5-12. Given this alleged misconduct (which the SEC simply ignores in its Notice), the <u>Sells</u> court held that "the deceptive conduct . . . goes beyond the making of material misstatements or omissions." <u>Id.</u> at *20. The SEC here alleges no inherently deceptive conduct beyond the alleged misrepresentations and omissions.

1

*Second*, the SEC in Sells *never* claimed that the defendants were primarily liable as "makers" of misrepresentations, but alleged only that they engaged in a fictitious sales scheme. Id. at *12-14.  The Sells court therefore reasoned that Janus did not "foreclose[]" the scheme claim which was based on inherently deceptive *conduct* rather than misstatements.  Id. at *18-21. Here, as in Kelly and Lucent, the SEC *has* alleged from the outset that Ms. Starrett made misrepresentations and omissions to the investing public (*e.g.* Compl. ¶¶ 4, 7, 75, 87, 90), but now attempts to recast its Complaint to claim scheme liability after conceding that Ms. Starrett was not the "maker" of any alleged misstatement as required by Janus.  (Doc. 49 at 26).  Both Kelly and Lucent rejected the SEC's identical maneuver of "labeling the alleged misconduct a 'scheme' rather than a 'misstatement'" because it would open a "back door into [primary] liability."  Kelly, 817 F. Supp. 2d at 343; Lucent, 610 F. Supp. 2d at 359-61.  Sells is not to the contrary.

Dated:  September 11, 2012

        MILBANK, TWEED, HADLEY & MCCLOY LLP

        By:      /s/ *Jerry L. Marks*
        Jerry L. Marks
        Robert J. Liubicic
        601 S. Figueroa Street, 30th Floor
        Los Angeles, CA 90017
        Telephone:   (213) 892-4000
        Facsimile:    (213) 629-5063
        E-mail:         jmarks@milbank.com
                       rliubicic@milbank.com

        MILBANK, TWEED, HADLEY & MCCLOY LLP
        Thomas A. Arena
        1 Chase Manhattan Plaza
        New York, NY  10005
        Telephone:   (212) 530-5000

3

 

       Facsimile:   (212) 530-5219
       E-mail:     tarena@milbank.com

            -and-

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.
Bruce Hall
Andrew G. Schultz
P. O. Box 1888
Albuquerque, NM 87103
Telephone:  (505) 765-5900
Facsimile:   (505) 768-7395
E-mail:     bhall@rodey.com
             aschultz@rodey.com

*Attorneys for Defendant Jane Starrett*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 11, 2012, Defendant Jane Starrett's Response to Notice of Supplemental Authority was electronically filed with the Clerk of Court using the CM/ECF system that will send notification of such filing to all counsel of record.

| | |
|---|---|
| Michael H. Hoses<br>Assistant United States Attorney<br>P.O. Box 607<br>Albuquerque, NM 87103<br>Michael.hoses@usdoj.gov | Stephen C. McKenna<br>Gregory Kasper<br>Securities & Exchange Commission<br>1801 California Street, Suit 1500<br>Denver, CO  80202<br>mckennas@sec.gov<br>kasperg@sec.gov |
| WILMER CUTLER PICKERING<br>   HALE & DORR LLP<br>Randall R. Lee<br>Jessica Freiheit Kurzban<br>Peiyin Patty Li<br>350 South Grand Ave., Suite 2100<br>Los Angeles, CA  90071<br>Telephone:    (213) 443-5300<br>Facsimile:     (213) 443-5400<br>randall.lee@wilmerhale.com<br>jessica.kurzban@wilmerhale.com<br>patty.li@wilmerhale.com | WILMER CUTLER PICKERING<br>   HALE & DORR LLP<br>Alanna G. Buchanan<br>Joel Fleming<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone:    (650) 858-6000<br>Facsimile:     (650) 858-6100<br>alanna.buchanan@wilmerhale.com<br>joel.fleming@wilmerhale.com |
| WILMER CUTLER PICKERING<br>    HALE & DORR LLP<br>John A. Valentine<br>1875 Pennsylvania Avenue, NW<br>Washington, DC  20006<br>Telephone:    (202) 663-6000<br>Facsimile:     (202) 663-6363<br>john.valentine@wilmerhale.com | |

MILBANK, TWEED, HADLEY & MCCLOY LLP
By      */s/ Jerry L. Marks*
         Jerry L. Marks