# WILMERHALE

October 9, 2012

**Randall R. Lee**

+1 213 443 5301 (t)
+1 213 443 5400 (f)
randall.lee@wilmerhale.com

**By Electronic Mail**

George A. Salter
Hogan Lovells US LLP
875 Third Avenue
New York, New York 10022

Re:  *Securities and Exchange Commission v. Larry Goldstone, Clarence G. Simmons, III, and Jane Starrett,* Case No. 1:12-cv-00257OJB-LFG (D.N.M.)

Dear Mr. Salter:

On behalf of our clients, Larry Goldstone and Clarence Simmons ("Defendants"), I am writing in regard to KPMG's October 2, 2012 Objections and Responses ("Objections") to Defendants Larry Goldstone and Clarence Simmons's September 18, 2012 Subpoena to Produce Documents ("Subpoena"). KPMG's Objections consist of a blanket refusal to produce *any* documents in response to the Subpoena. Given the centrality of KPMG's actions and judgments to the SEC's claims in the above-referenced litigation, KPMG's position is entirely unreasonable. We request that the parties have a meet-and-confer discussion concerning the scope of KPMG's production as soon as possible. Please advise us of your availability this Monday, October 15, 2012.

In advance of that discussion, we address each of KPMG's principal objections below.

I.  **General Objections**

   A.  **General Objections Nos. 1 & 2 – Refusal to Produce Because Some Documents Were Already Produced to SEC**

In Objection No. 1, "KPMG objects to the Subpoena to the extent that it seeks documents or information already in the possession of Defendants or other parties and/or is equally available from other parties or entities through another source that is more convenient, less burdensome, or less expensive to KPMG, a non-party to this litigation." In Objection No. 2, "KPMG objects to the Subpoena as overbroad, unduly burdensome, and oppressive," citing to its production to the SEC in response to an SEC subpoena. KPMG asserts that it "does not intend to conduct another search for additional documents" in response to the Subpoena because, "[t]o the extent other documents may exist that are potentially responsive to the Subpoena, the undue burden, expense, and effort of searching for and producing such documents far outweigh whatever minimal probative value, if any, they may have in the case."

These objections are unfounded. First, KPMG may not refuse to produce documents simply because it produced some amount of responsive documents to the SEC in connection with its separate investigation. Defendants' Subpoena requests expressly excluded documents already

WILMERHALE

George A. Salter
October 9, 2012
Page 2

produced by KPMG to the SEC.[1] (*See* Subpoena, Instruction A (excluding from the scope of the requests "documents previously produced by YOU to the SEC in connection with the INVESTIGATION of THORNBURG.")) There is accordingly no basis to contend that Defendants' Subpoena calls for duplication of KPMG's production to the SEC. Second, KPMG is not exempt from responding to the Subpoena merely because it may possess documents that are also in the possession of other parties or entities. *See Covey Oil Co. v. Cont'l Oil Co.*, 340 F.2d 993, 998 (10th Cir. 1965) (*overruled on other grounds as stated in FTC v. Alaska Land Leasing, Inc.*, 778 F.2d 577, 578 (10th Cir.1985)) ("The fact that [the evidence] might be obtained, at least in part, from others has no pertinence because a person may not avoid a subpoena by saying that the evidence sought from him is obtainable from another."). Third, KPMG has provided no basis for its assertion that the materials Defendants seek will have only "minimal probative value." Defendants did not participate in drafting the SEC's investigative subpoena to KPMG and are entitled to additional responsive documents on matters that are relevant to their defenses.

### B.     General Objection No. 6 – Refusal to Produce Documents Relating to PCAOB Investigation

KPMG has broadly refused to produce documents relating to the Public Accounting Oversight Board ("PCAOB") investigation of KPMG. That position cannot be justified given the central role KPMG's audit of Thornburg's 2007 financial statements plays in the SEC's claims against Defendants. In particular, the SEC alleges that Defendants intentionally misled KPMG during the 2007 audit, and that absent the alleged fraud, KPMG would have reached different judgments about the need for Thornburg to recognize an other than temporary impairment ("OTTI") on its ARM Securities and include a going concern warning in its financial statements. In addition, the SEC's complaint assumes the correctness of KPMG's decision that a restatement of the 2007 financial statements was necessary -- a decision that appears to have been inconsistent with both GAAP and GAAS. For those reasons, Defendants seek discovery of documents and communications in KPMG's possession concerning the PCAOB's review, which are likely to contain relevant information concerning these issues.

KPMG cites 15 U.S.C. § 7215(b)(5)(A) ("PCAOB Privilege") as justification for its refusal to produce documents relating to the PCAOB investigation. The PCAOB Privilege, however, does not shield all PCAOB-related documents in the possession of KPMG from production. Documents "prepared or received by … the Board," *id.,* such as findings and reports, are not privileged if they come into the hands of KPMG. *See* 15 U.S.C. § 7215(b)(5)(B) (excluding accounting firms from the list of entities who may receive PCAOB privileged and confidential material without waiving the privilege); *see also* PCAOB Rule 5108 (implementing the PCAOB Privilege in a rule providing that documents "shall be confidential *in the hands of*

---

[1]     Terms in capital letters shall have the meaning as defined in the Subpoena.

WILMERHALE

George A. Salter
October 9, 2012
Page 3

*the Board*")(emphasis added). Furthermore, internally-generated KPMG documents relating to either PCAOB investigations or findings are not protected under the PCAOB Privilege unless they were created "specifically for the Board." 15 U.S.C. § 7215(b)(5)(A); *see also Silverman v. Motorola, Inc.*, 2010 WL 4659535 at *4 (N.D. Ill. June 29, 2010) (holding, in litigation concerning allegedly misleading financial statements by Motorola, that the PCAOB Privilege "protects from disclosure only materials that an accounting firm 'prepared ... specifically for the [PCAOB],'" and ordering KPMG to produce all documents concerning the PCAOB's review that were not created specifically for the Board and to identify any documents being withheld on a privilege log).

As a result, KPMG should produce all documents requested by the Subpoena except documents prepared specifically for the Board. Any documents withheld under the PCAOB privilege, moreover, should be logged, and the privilege log should be produced to Defendants. *See* Fed. R. Civ. P. 45(d)(2)(A).

C.   Other General Objections

1.   *Objection No. 9*

In Objection No. 9, "KPMG objects to the Subpoena to the extent that it asks for confidential or proprietary information, documents constituting or containing KPMG trade secrets, and documents containing confidential commercial information." Insofar as documents responsive to the Subpoena contain confidential or proprietary information, trade secrets, or confidential commercial information, Defendants are willing to enter into an appropriate protective order before KPMG's production takes place.

2.   *Objection No. 10*

In Objection No. 10, "KPMG objects to the Subpoena to the extent that it seeks the production of documents that are maintained outside of the jurisdiction of the Court." This position is plainly wrong. The location of documents is irrelevant so long as the documents are within KPMG's possession, custody, or control. The Notes to the 1991 Amendment to Federal Rule of Civil Procedure 45 make it clear "that the person subject to the subpoena is required to produce materials in that person's control, whether or not the materials are located within the District or within the territory within which the subpoena can be served." Fed. R. Civ. Proc. 45, Committee Notes, 1991 Am. Subdivision (a); *see also Hay Group, Inc. v. E.B.S. Acquisition Corp.*, 360 F.3d 404, 413 (3d Cir. 2004) (a Rule 45 subpoena should not be denied on the grounds that documents are located outside the district); *Tiffany (NJ) LLC v. Qi Andrew*, 276 F.R.D. 143, 147-48 (S.D.N.Y. 2011) ("If the party subpoenaed has the practical ability to obtain the documents, the actual physical location of the documents ... is immaterial.").

WILMERHALE

George A. Salter
October 9, 2012
Page 8

We look forward to our meet-and-confer discussion on the above issues.

Very truly yours,

*[signature]*

Randall R. Lee