IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,                                              No. 1:12-cv-00257-JB-LFG

vs.

LARRY GOLDSTONE, CLARENCE G. SIMMONS,
III, and JANE STARRETT,

    Defendants.

**DEFENDANTS' REPLY TO NON-PARTY KPMG LLP'S OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL**

**PRELIMINARY STATEMENT**

Following the maxim that "It is better to ask for forgiveness than permission," non-party KPMG filed its opposition—which is almost entirely duplicative of other pleadings in this case—without moving to intervene, without seeking leave from the Court to file, and without any notice whatsoever to Defendants. Defendants, in turn, sought the SEC's consent to file a single reply brief that would present a coordinated and efficient response to both oppositions. By email dated December 27, 2012, the SEC refused. See Supplemental Declaration of Andrew G. Schultz dated January 3, 2013, attached to Defs.' Reply to Pltf. Securities and Exchange Commission's Opp'n to Defs.' Mot. to Compel Prod. of PCAOB Dep. Trs. and Pltf.'s Notes and Mem. of Interviews with Non-Party Witnesses ("Supp. Schultz Decl."), ¶ 12, Ex. J. Defendants have thus been forced to prepare two separate replies. See Defs.' Reply to Pltf. Securities and Exchange Commission's Opp'n to Defs.' Mot. to Compel Prod. of PCAOB Dep. Trs. and Pltf.'s Notes and Mem. of Interviews with Non-Party Witnesses [Doc. 109]. The SEC's claimed reason for refusing to consent to a single reply brief is telling. According to the SEC's lead trial counsel, the SEC insists on separate reply briefs because "KPMG makes arguments in its opposition the SEC does not necessarily agree with," and the SEC's opposition "is based on several arguments that are materially different from arguments made by KPMG." Supp. Schultz Decl. ¶ 12, Ex. J.

KPMG ultimately seeks to prevent Defendants from having access to at least 21 days of PCAOB testimony given by 11 KPMG witnesses, which represents at least 70 percent of the instances of KPMG's pre-Complaint testimony concerning Thornburg. Supp. Schultz Decl. ¶ 3, Ex. A (Chart summarizing testimony). The Court will find little in KPMG's opposition that has not already been addressed elsewhere. First, KPMG re-argues many of the points it makes in its pending motion to quash, including the claim that the SEC lacks authority to waive the PCAOB privilege and other untenable statutory interpretations that directly contradict this Court's

1

November 9, 2012 ruling on PCAOB discovery issues. Although the SEC did not specify the KPMG arguments with which it disagrees, they no doubt include most or all of KPMG's legally meritless arguments, *none* of which is found in the SEC's opposition. Those arguments fail for the reasons set forth in Defendants' opposition to KPMG's motion to quash.

Next, KPMG parrots a number of the PCAOB-related arguments that the SEC—the actual party in this case against whom Defendants seek relief—already makes in its own opposition. KPMG simply echoes the SEC's primary arguments regarding whether the SEC relied on PCAOB testimony in preparing the Complaint, and the supposed irrelevance of the SEC's voluntary production of PCAOB transcripts in the pending California case, SEC v. Jensen. While KPMG tries hard to help the SEC here, those arguments fail for the reasons set forth in Defendants' reply to the SEC's opposition.

Indeed, the single substantive argument not already covered by either KPMG's motion to quash or the SEC's opposition is a debate over the meaning of certain legislative history concerning the PCAOB privilege, which Defendants discussed in a single paragraph in their opening brief. Not only does KPMG's argument have no merit, it is notable that the only non-duplicative argument made in KPMG's 19-page opposition concerns a rather secondary issue.

Accordingly, KPMG's improperly filed opposition adds next to nothing, and fails to offer any basis for denial of Defendants' motion. The Court should give this pleading little, if any, consideration.

## I.     KPMG'S OPPOSITION IS PROCEDURALLY IMPROPER

By filing its opposition without first seeking to intervene in this matter, KPMG strategically put the cart before the horse, for its own benefit. See Fed. R. Civ. P. 24 (non-party intervention permitted "on timely motion"); Vermejo Park Corp. v. Kaiser Coal Corp., 998 F.2d 783, 790 (10th Cir. 1993) (to intervene, non-party must show that its "interest in the proceedings be direct, substantial, and legally protectable") (internal quotations omitted). Rule 24 applies

when, as here, a non-party seeks to oppose a motion to compel.  See W. Res., Inc. v. Union Pac. R.R. Co., 2002 U.S. Dist. LEXIS 1009, at *8 (D. Kan. Jan. 21, 2002) (analyzing under Fed. R. Civ. P. 24 rubric non-party's limited motion to intervene to oppose motion to compel).  Non-parties have, in fact, been denied intervention under circumstances similar to those here.  See Application to Enforce Admin. Subpoenas of SEC v. Coopers & Lybrand, 98 F.R.D. 414, 416 (S.D. Fla. 1982) (denying motion to intervene in subpoena enforcement proceeding after concluding that no privileges attached to subject documents and that, as such, non-party had no legally protectable interest in the dispute).

In addition to its failure to move to intervene, KPMG did not seek leave of this Court to file opposition papers and did not give notice to Defendants of its intention to file such papers.  Defendants are prejudiced by KPMG's tactics for a number of reasons.  A party generally should be afforded the opportunity to be heard and oppose a non-party submission in advance of the filing.  That is particularly important when, as here, the non-party has so obviously coordinated its efforts with those of the party's adversary.  See Supp. Schultz Decl. ¶ 4, Ex. B (Timeline of SEC/KPMG Communications).  In addition, with KPMG on its side, the SEC has effectively received twice the permitted number of pages to oppose Defendants' motion.  The SEC has compounded the prejudice to Defendants by refusing to consent to Defendants' filing of a single reply brief that would have (i) efficiently addressed the substantial duplication in both oppositions, (ii) streamlined Defendants' presentation, and (iii) reduced the burden on both Defendants and the Court.  Finally, permitting KPMG to proceed in this manner sets a troubling precedent because it allows the SEC to enlist the assistance of KPMG in future disputes before the Court (discovery-related and otherwise) whenever and however the SEC chooses to do so.  Such gamesmanship is improper and fundamentally unfair to Defendants.

Moreover, the SEC's concession that it does not agree with all of the arguments in KPMG's opposition (Supp. Schultz Decl., ¶ 12, Ex. J), illustrates that KPMG is attempting to

interject arguments that are not actually in dispute between the actual parties to this litigation. Yet, Defendants are forced to address KPMG's points out of an abundance of caution.

Accordingly, Defendants respectfully request that the Court strike KPMG's opposition.

**II.    KPMG RE-HASHES MANY OF THE EXTREME ARGUMENTS MADE IN ITS MOTION TO QUASH, WITH WHICH THE SEC DISAGREES**

KPMG'S Motion to Quash (Doc. 91) is notable for the extreme positions it takes with regard to the PCAOB privilege.  Despite claiming that its opposition to this motion addresses "only the legal points . . . that are not fully addressed" in its Motion to Quash (KPMG Opp. at 2 n.1), KPMG then goes on to re-hash a number of those arguments anyway.  See, e.g., KPMG Opp. at 6 ("As explained in KPMG's Motion to Quash . . . .").  Significantly, the SEC does *not* make any of these arguments.  Supp. Schultz Decl. ¶ 12, Ex. J ("KPMG makes arguments in its opposition that the SEC does not necessarily agree with").  As briefly summarized here, KPMG's re-hashed arguments—which the SEC correctly distances itself from, given their untenable nature—fail for the reasons set forth in Defendants' Opposition to the Motion to Quash (Doc. 105).

KPMG makes the incredible claim that the SEC—which has general oversight authority over the PCAOB—has no power to waive the PCAOB privilege.  KPMG Opp. at 4-7.  KPMG made this argument in its Motion to Quash.  MTQ at 21-25.  And Defendants have already debunked the argument in their opposition to that motion.  MTQ Opp. at 14-15.

KPMG makes the equally incredible claim—in direct contradiction to the Court's ruling at the November 9, 2012 hearing concerning this issue—that this litigation is not a "public proceeding" within the meaning of Section 105 and that KPMG's PCAOB-related materials are not discoverable.  KPMG Opp. at 6-7.  This is the same argument KPMG makes in its Motion to Quash.  MTQ at 24-25.  And it has already been rebutted by Defendants in their opposition to that motion.  MTQ Opp. at 9-12.

4

Similarly, KPMG takes the extraordinary position that the PCAOB privilege is an absolute privilege, not subject to common law exceptions or universally recognized waiver principles. KPMG Opp. at 17-19. But KPMG is simply repeating what it argues to the Court in its Motion to Quash. MTQ at 24 n.14. Defendants' opposition to KPMG's motion explains why this position is baseless. MTQ Opp. at 14-15.

In sum, KPMG has simply re-argued these and other unpersuasive points covered in its pending Motion to Quash. Indeed, even according to the SEC, some or all of these points are not even in dispute between the real parties to this litigation.

### III. KPMG PARROTS THE SEC'S ARGUMENTS, WHICH FAIL FOR THE REASONS SET FORTH IN DEFENDANTS' CONCURRENTLY FILED REPLY TO THE SEC'S OPPOSITION

KPMG not only needlessly repeats arguments that not even the SEC agrees with, but also simply duplicates a number of the points already made by the SEC. This type of "me too" briefing is needlessly duplicative. The arguments KPMG cribs from the SEC fail for the same reasons set forth in Defendants' reply to the SEC's opposition. As with KPMG's recycled Motion to Quash arguments, KPMG's arguments that are duplicative of the SEC's are discussed only in summary fashion here.

For example, KPMG argues that the SEC has not "presented" PCAOB information in this proceeding because the SEC purportedly did not use or rely on the PCAOB transcripts in preparing its Complaint. KPMG Opp. at 10. This is the centerpiece argument of the SEC's opposition regarding the discoverability of the PCAOB transcripts. SEC Opp. at 6-9. Defendants' refute that argument at pp. 10-12 of their concurrently filed reply brief.[1]

---

[1] KPMG then stakes out an alternative position that *even if* the SEC relied on PCAOB testimony in drafting the Complaint (which it in fact did), the SEC still did not "present" that information in this case. KPMG Opp. 10-12. KPMG's sole supporting authority is a dictionary. Id. at 11. The SEC has *not* made this argument, which is directly at odds with the Court's November 9 ruling. See SEC Opp. at 2 ("This Court . . . protected Defendants by construing the phrase 'presented in a public proceeding' broadly to include any use of or reliance on the materials in preparing the

5

KPMG asserts that the SEC's production of numerous PCAOB questionnaires was "inadvertent" and does not operate as a waiver of the PCAOB privilege. KPMG Opp. at 13 n.6. This, too, is already addressed by the SEC. SEC Opp. at 10-11. Defendants demonstrate (at pp. 11-12 of their concurrent reply) why the production of the PCAOB questionnaires was not at all inadvertent as the SEC and KPMG belatedly claim, and why there is a clear wavier.[2]

KPMG also contends that the SEC's voluntary production of PCAOB transcripts in SEC v. Jensen, a case currently pending in the Central District of California that is squarely on point, is "irrelevant." KPMG Opp. at 15-17. The SEC, not surprisingly, makes the same point. SEC Opp. at 13-14. At p. 12 of their reply to the SEC's opposition, Defendants demonstrate why Jensen evidences the SEC's practice of relying on PCAOB transcripts, the appropriateness of producing such materials in cases where the SEC has put them at issue, and the need to reject the SEC's disturbing refusal to offer any explanation for its inconsistent practices in public enforcement actions.[3]

---

Complaint.") This is likely another KPMG argument "that the SEC does not necessarily agree with." Supp. Schultz Decl. at ¶ 12, Ex. J.

[2] Indeed, not even KPMG—which has had two partners from its outside counsel, a senior in-house attorney, and an audit partner present in the room at every deposition in the case thus far—objected when Ms. Baucom's PCAOB questionnaire was marked as an exhibit at her deposition. And as discussed in Defendants' reply to the SEC's opposition at p. 11, KPMG also ignores the fact that the SEC produced to Defendants not only the eight PCAOB witness questionnaires, but also KPMG workpapers that were produced to the PCAOB. These documents reveal the PCAOB investigative process and the types of information sought and received by the PCAOB.

[3] As an example of how KPMG's unauthorized opposition effectively doubled the number of pages the SEC was able to use to oppose Defendants' requested relief, the SEC's argument regarding Jensen is a single, six-sentence paragraph, while KPMG's argument is more than two full pages. Compare SEC Opp. at 13-14 with KPMG Opp. at 15-17. KPMG also self-servingly claims "the SEC may have erred" in producing PCAOB materials in Jensen. KPMG Opp. at 15. The SEC says no such thing, and KPMG's claim is belied by the record in Jensen. See MTC at 24-25.

6

## IV. KPMG'S SOLE NON-DUPLICATIVE ARGUMENT IS MERITLESS

There appears to be only a single argument of any material length that is not already made in KPMG's Motion to Quash or the SEC's opposition to Defendants' motion. That argument, which may be yet another argument "the SEC does not necessarily agree with," is a rather tertiary one that concerns the legislative history of the Sarbanes Oxley Act.

In response to a single paragraph in Defendants' opening brief, KPMG makes a detailed argument claiming that Defendants are the type of "outsiders" that the legislative history of 15 U.S.C. § 7215(b), which establishes the privilege and exceptions for PCAOB investigative material, makes clear that the PCAOB privilege is designed to protect issuers from.  KPMG Opp. at 7-9.  But at the time of the Thornburg restatement, KPMG hardly considered Defendants to be "outsiders."  To the contrary, the record shows that KPMG personnel communicated freely about the PCAOB investigation with numerous Thornburg employees, including all of the Defendants.  Supp. Schultz Decl., ¶ 14, Ex. L (3/19/2008 Anderson email to Starrett, Simmons, Reinhart and copying Thornburg, Goldstone, Dave, Mullin, and Stusherman re "PCAOB") (Anderson: "If you all need my help with regard to the PCAOB ED investigation and/or whatever else comes, please know I'll do whatever I can to help.  AD"; Reinhart: "Thank you Anne-Drue.  I do appreciate your vey kind offer.").  In addition, that an auditing firm may freely share PCAOB material with its audit client without interfering with the privilege is reflected in the commentary to PCAOB's proposed Rule 5108, implementing Section 105(b).  See Schultz Decl. ¶ 16, Ex. M (PriceWaterhouse Comment Letter dated Aug. 18, 2003) (suggesting that PCAOB make explicit that the privilege under Section 105(b) is preserved when material is shared with an "the issuer whose audit forms the basis for an investigation.").

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request this Court grant their Motion. Defendants also respectfully request that KPMG's opposition be stricken.

7

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.


By:   /s/ *Andrew G. Schultz*
      Bruce Hall
      Andrew G. Schultz
      Melanie B. Stambaugh
P. O. Box 1888
Albuquerque, NM 87103
Telephone:   (505) 765-5900
Facsimile:   (505) 768-7395
E-mail:   bhall@rodey.com
       aschultz@rodey.com
       mstambaugh@rodey.com

*Attorneys for Defendants Larry Goldstone, Clarence G. Simmons, III, and Jane E. Starrett*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 3, 2013, the foregoing *Reply to Non-Party KPMG LLP's Opposition to Defendants' Motion to Compel Motion to Compel Production of PCAOB Deposition Transcripts and Plaintiff's Notes and Memoranda of Interviews With Non-Party Witnesses* was electronically filed with the Clerk of Court using the CM/ECF system that that will send notification of such filing to all counsel of record.

| | |
|---|---|
| Michael H. Hoses<br>Assistant United States Attorney<br>P.O. Box 607<br>Albuquerque, NM 87103<br>Michael.hoses@usdoj.gov | Stephen C. McKenna<br>Gregory Kasper<br>Dugan Bliss<br>Securities & Exchange Commission<br>1801 California Street, Suit 1500<br>Denver, CO  80202<br>mckennas@sec.gov<br>kasperg@sec.gov<br>blissd@sec.gov |
| WILMER CUTLER PICKERING<br>   HALE & DORR LLP<br>      Randall R. Lee<br>      Jessica Freiheit Kurzban<br>      Peiyin Patty Li<br>350 South Grand Ave., Suite 2100<br>Los Angeles, CA  90071<br>Telephone:    (213) 443-5300<br>Facsimile:    (213) 443-5400<br>randall.lee@wilmerhale.com<br>jessica.kurzban@wilmerhale.com<br>patty.li@wilmerhale.com | WILMER CUTLER PICKERING<br>   HALE & DORR LLP<br>      Alanna G. Buchanan<br>      Joel Fleming<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone:    (650) 858-6000<br>Facsimile:    (650) 858-6100<br>alanna.buchanan@wilmerhale.com<br>joel.fleming@wilmerhale.com |
| WILMER CUTLER PICKERING<br>   HALE & DORR LLP<br>      John A. Valentine<br>1875 Pennsylvania Avenue, NW<br>Washington, DC  20006<br>Telephone:    (202) 663-6000<br>Facsimile:    (202) 663-6363<br>john.valentine@wilmerhale.com | MILBANK, TWEED, HADLEY &<br>   MCCLOY LLP<br>      Thomas A. Arena<br>1 Chase Manhattan Plaza<br>New York, NY  10005<br>Telephone:    (212) 530-5000<br>Facsimile:    (212) 530-5219<br>tarena@milbank.com |

    MILBANK, TWEED, HADLEY &
      MCCLOY LLP
          Jerry L. Marks
          Robert J. Liubicic
          Alisa Schlesinger
          Elena Kilberg
          Paul M. Torres
    601 S. Figueroa Street, 30th Floor
    Los Angeles, CA  90017
    Telephone:    (213) 892-4000
    Facsimile:    (213) 629-5063
    jmarks@milbank.com
    rliubicic@milbank.com
    aschlesinger@milbank.com
    ekilberg@milbank.com
    ptorres@milbank.com

In addition, a copy of the foregoing pleading was served by first-class mail on the following counsel for non-Party KPMG, LLP this 3rd day of January, 2013:

| KELEHER & MCLEOD, P.A. | HOGAN LOVELLS US LLP |
|---|---|
| W. Spencer Reid | George A. Salter |
| 201 Third Street, NW, 12th Floor | Peter Dennin |
| Albuquerque, NM  87102 | 875 Third Avenue |
| | New York, NY  10022 |

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By   */s/ Andrew G. Schultz*
      Andrew G. Schultz