# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

     vs.                                       CIVIL NO. 12-257 (JB-LFG )

LARRY A. GOLDSTONE,
CLARENCE G. SIMMONS, III, and
JANE E. STARRETT,

        Defendants.

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S
MOTION FOR A PROTECTIVE ORDER TO QUASH DEFENDANTS' NOTICE OF
30(b)(6) DEPOSITION AND SECOND AND THIRD REQUESTS FOR THE
PRODUCTION OF DOCUMENTS**

TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................1

II.     THE DISPUTED DISCOVERY...........................................................................2

III.    ARGUMENT .......................................................................................................4

        A.      Defendants' Requested Discovery is Irrelevant to the Claims Brought
                against Them and to Any Defenses Thereto ............................................5

        B.      Defendants' Allusions to Improper Conduct by the SEC Are
                Unsupported and Cannot Support the Requested Discovery...................6

        C.      Defendants' Effort to Depose Opposing counsel Is Improper .................7

                1.      SEC Counsel's Recollections and Notes of Witness Interviews and
                        Discussions with the PCAOB Are Protected Work Product .....................7

                2.      Defendants Cannot Show that They Are Entitled to Depose the
                        SEC's Attorneys.....................................................................................10

                        a.      Defendants do not need to depose the SEC to obtain much
                                of the information sought..............................................................10

                        b.      The information sought is irrelevant and privileged.....................12

                        c.      The information sought is not crucial to Defendants'
                                preparation of their case...............................................................12

        D.      The SEC's Communications with the PCAOB Are Protected under
                Section 105 of the Sarbanes-Oxley Act, 15 U.S.C. § 7215(b)(5)(A),
                and the Deliberative Process Privilege .................................................14

        E.      Defendants' Second and Third Requests for the Productions of
                Documents from the SEC are Improper for the Reasons Set Forth
                Above and a Protective Order Should Be Granted as to them as well .................16

IV.     CONCLUSION..................................................................................................17

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Bennett v. Sprint Nextel Corp.*, No. 11-9014-MC-W-ODS, 2012 WL 4829312
(W.D. Mo. Oct. 20, 2012) ................................................................................ 15

*Boughton v. Cotter Corp.*, 65 F.3d 823 (10th Cir. 1995) .............................................. 10

*Braniff Airways, Inc. v. Civil Aeronautics Board*, 379 F.2d 453 (D.C. Cir. 1967) ......................... 6

*In re Cooper Tire & Rubber Co.*, 568 F.3d 1180 (10th Cir. 2009) .................................... 5

*In re Grand Jury Proceedings*, 43 F.3d 966 (5th Cir. 1994) ........................................ 9

*In re Sealed Case*, 121 F.3d 729 (D.C. Cir. 1997) ............................................... 15

*Hickman v. Taylor*, 329 U.S. 495 (1947) ...................................................... 8

*Housley v. U.S. Department of Treasury*, 688 F. Supp. 37 (D.D.C. 1988) ............................ 15

*NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132 (1975) ............................................ 15

*S&A Painting Co., Inc. v. O.W.B. Corp.*, 103 F.R.D. 407 (W.D. Pa. 1984) ............................ 11

*SEC v. Jasper, Number C 07-06122 JW (HRL)*, 2009 WL 1457755
(N.D. Cal. May 26, 2009) .................................................................. 8

*SEC v. Keating*, 1992 WL 207918 ......................................................... 5, 12

*SEC v. Lavin*, 111 F.3d 921 (D.C. Cir. 1997) .................................................. 7

*SEC v. Rosenfeld*, No. 97 CIV. 1467 (RPP), 1997 WL 5760231
(S.D.N.Y. Sept. 16, 1997) ............................................................... 7, 8

*SEC v. SBM Investment Certificates, Inc., Civil Action Number DKC 2006-0866*,
2007 WL 609888 (D. Md. Feb. 23, 2007) ..................................................... 7

*Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986) ................................. 10

*Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095 (10th Cir. 2001) ......................... 10

*United States v. Morgan*, 313 U.S. 409 (1941) ................................................. 7

*Upjohn Co. v. U.S.*, 449 U.S. 383 (1981) ..................................................... 9

*Valencia v. Colorado Casualty Ins. Co.*, No. CIV 06-1259 JB/RHS,
   2007 WL 5685360 (N.M. Dec. 8, 2007).............................................................................10

## FEDERAL STATUTES

Fed. R. Civ. P. 26.............................................................................................................2

Fed. R. Civ. P. 26(b)(1).....................................................................................................5

Fed. R. Civ. P. 26(b)(3).....................................................................................................9

Fed. R. Civ. P. 26(c) .........................................................................................................2

Fed. R. Evid. 401 ..............................................................................................................5

15 U.S.C. § 7215(b)(5)(A)...........................................................................................1, 14

Plaintiff, Securities and Exchange Commission ("SEC" or "Commission"), moves pursuant to Federal Rules of Civil Procedure 26(c) and 26(b)(2)(C) for a protective order prohibiting Defendants from conducting a deposition of the Commission pursuant to Federal Rule of Civil Procedure 30(b)(6) to inquire into all the Commission's communications with the Public Company Accounting Oversight Board ("PCAOB") and non-party KPMG concerning the Commission's investigation and litigation of this matter.  Defendants improperly seek information concerning the Commission's lawyers' investigation and litigation strategies that is irrelevant to the claims against Defendants and is protected attorney work product.  Further, communications with the PCAOB are protected from disclosure by Section 105(b)(5)(A) of the Sarbanes-Oxley Act, 15 U.S.C. § 7215(b)(5)(A), and the deliberative process privilege, and all such communications may be less burdensomely explored without questioning the Commission's lawyers.  The Commission also seeks a protective order from Defendants' second and third requests for the production of documents, seeking all the Commission staff's communications with the PCAOB and KPMG, respectively, for the same reasons.

This is not Defendants' first attempt to invade their opposing counsels' work product and the privilege provided to PCAOB materials by Section 105(b)(5)(A) of the Sarbanes-Oxley Act. Currently pending before the Court is Defendants' Motion to Compel Production of PCAOB Deposition Transcripts and Plaintiff's Notes and Memoranda of Interviews with Non-Party Witnesses ("Motion to Compel").  Dkt. 90.  That Motion is set for hearing on January 30, 2013.

## I.  INTRODUCTION

While Defendants have stated to the SEC staff that they are not accusing them of any improper behavior, their written correspondence tells a different story.  Defendants have claimed that there has been "the appearance of substantial improper collusion between the Commission

and KPMG witnesses" in this litigation.  December 19, 2012 letter from Chris Johnstone to SEC counsel, copy attached as Exhibit A.[1]  But they have no evidence to support this claim and thus seek to depose the SEC's attorneys about all communications with third-party KPMG with the false hope of generating some.  Defendants have similar unfounded suspicions that the SEC has acted collusively with the PCAOB and thus now also seek to explore all the SEC's communications with that accountant regulatory board related to this matter.  They double-down by requesting all documents concerning all communications with the PCAOB and KPMG with regard to the SEC's investigation and litigation of this matter.  Defendants' unfounded speculations of nefarious conduct by the SEC cannot support their requested excursions into privileged and protected materials.

As explained below, a protective order is appropriate under the circumstances.  As an initial matter, how the SEC conducted its investigation and how it is pursuing this litigation is irrelevant to the claims the SEC has brought against Defendants and their defenses thereto. Second, communications the SEC engaged in with third parties in investigating and litigating this matter are materials prepared in anticipation and pursuance of litigation and are thus protected from discovery as attorney work product.  *See* Fed. R. Civ. P. 26(c).  Third, deposing opposing counsel regarding their investigation and litigation efforts is a "harassing practice" disfavored by the Tenth Circuit.  Fourth, the SEC's communications with the PCAOB are protected from discovery by Section 105 of the Sarbanes-Oxley Act and the deliberative process privilege.

## II.  THE DISPUTED DISCOVERY

On December 19, 2012, Defendants served a Notice of Deposition Pursuant to Fed. R. Civ. P. 26 and Rule 30(b)(6) Directed to Plaintiff Securities and Exchange Commission.

---

[1]     All Exhibits cited herein are exhibits to the Declaration of Stephen C. McKenna

2

("30(b)(6) Notice").  Defendants' 30(b)(6) Notice demands testimony from the SEC's lawyers

on 11 topics:

1.  YOUR [i.e. the SEC's] COMMUNICATIONS with the PCAOB concerning the 2007-2008 SERVICES.

2.  YOUR COMMUNICATIONS with the PCAOB concerning the PCAOB INQUIRY.

3.  YOUR COMMUNICATIONS with the PCAOB concerning the SEC INQUIRY.

4.  YOUR COMMUNICATIONS with the PCAOB concerning the facts alleged in the COMPLAINT.

5.  YOUR COMMUNICATIONS with the PCAOB concerning the SEC ENFORCEMENT ACTION.

6.  YOUR COMMUNICATIONS with KMPG concerning the 2007-2008 SERVICES.

7.  YOUR COMMUNICATIONS with KMPG concerning the PCAOB INQUIRY.

8.   YOUR COMMUNICATIONS with KMPG concerning the SEC INQUIRY.

9.  YOUR COMMUNICATIONS with KMPG concerning the facts alleged in the COMPLAINT.

10.  YOUR COMMUNICATIONS with KMPG concerning the SEC ENFORCEMENT ACTION.

Defendants' 30(b)(6) Notice, copy attached as Exhibit B.[2]

Defendants' Second Set of Requests for the Production of Documents to the SEC seeks:

All COMMUNICATIONS between YOU and the PCAOB concerning the 2007-2008 SERVICES, the PCAOB INQUIRY, the SEC INQUIRY, the facts alleged in the COMPLAINT, or the SEC ENFORCEMENT ACTION.

Defendants' Second Set of Requests for the Production to the SEC, copy attached as Exhibit C.

---

("McKenna Decl.") filed herewith.

3

And Defendants' Third Set of Requests for the Production of Documents to the SEC

seeks:

> All COMMUNICATIONS between YOU and KPMG concerning the 2007-2008 SERVICES, the PCAOB INQUIRY, the facts alleged in the COMPLAINT, or the SEC ENFORCEMENT ACTION.

Defendants' Third Set of Requests for the Production to the SEC, copy attached as Exhibit D.

The SEC staff informed counsel for Defendants that it objected to the 30(b)(6) deposition

Notice and the second and third set of document requests.  During a meet and confer call, the

staff agreed that if any promise, inducement, incentive, or forbearance had been provided to

KPMG witnesses by the Commission or the PCAOB (of which the Commission was aware) for

providing testimony in this litigation, such information would be discoverable and offered to

respond to a written discovery request in that regard.  McKenna Decl. at ¶ 4.  In addition, the

SEC staff has already produced to Defendants copies of letters to counsel for KPMG employees

Cynthia Reinhart and Jennifer Hall informing them, under the guidelines of Securities Act

Release No. 5310, that the staff does not intend to recommend any enforcement action against

their clients.  *Id*. at ¶ 5.  The parties, however, could not agree to other topics of discovery

requested by Defendants and the SEC therefore files this motion for a protective order against

the 30(b)(6) Notice and the second and third sets of requests for production of documents.

### III.  ARGUMENT

Under Federal Rule of Civil Procedure 26(c), the Court may issue a protective order for

good cause shown to protect a party or person from annoyance, embarrassment, oppression, or

undue burden or expense.  Moreover, pursuant to Rule 26(b)(2)(C) and other relevant authority,

the Court must deny unreasonably duplicative or cumulative discovery or discovery that can be

---

[2] Topic 11 listed in Defendants' 30(b)(6) Notice is not presently in dispute.

obtained in a less burdensome manner.  The currently noticed Rule 30(b)(6) deposition of the

Commission is oppressive and unduly burdensome because it is improper under the Federal

Rules of Civil Procedure, it is duplicative and cumulative of other discovery already conducted,

it does not comply with applicable binding authority governing depositions of attorneys, and it

invades various privileges and protections.  Accordingly, the Court should issue a protective

order forbidding the deposition.  Defendants second and third requests for the production of

documents seek the same information requested in the Rule 30(b)(6) Notice from the SEC and

should be quashed for the same reasons.

**A.**      **Defendants' Requested Discovery Is Irrelevant to the Claims Brought against Them and to Any Defenses Thereto.**

Discovery is permissible "regarding any nonprivileged matter that is relevant to any

party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  While discovery into relevant matters is

generally broadly construed, it is not without limit and it is within the Court's discretion to

constrain its scope.  *See In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1188-89 (10th Cir.

2009).  Here, Defendants' attempts to delve into opposing counsel's communications with the

PCAOB and KPMG are not relevant to the claims against them, any defenses to those claims, or,

indeed, any factual issue in the case.  Even if those communications were to disclose improper

conduct by the SEC, something the SEC strenuously denies, it would not make any fact of

consequence in determining the action any more or less probable.  *See* Fed. R. Evid. 401.  As

noted in *SEC v. Keating*, "[t]he scope and conduct of the SEC's prefiling investigation bears

absolutely no relevance to [Defendants'] culpability, which will be decided upon a presentation

of the evidence."  No. CV 91-6785 (SVW), 1992 WL 207918 at *4 (C.D. Cal. July 23, 1992).

Because the SEC's pre and post filing conduct is irrelevant, Defendants should be forbidden

from questioning SEC counsel about it.

**B.      Defendants' Allusions to Improper Conduct by the SEC Are Unsupported and Cannot Support the Requested Discovery.**

Throughout this litigation, Defendants have implied that the SEC is somehow acting improperly in bringing claims against them.  They contend that the SEC is secretly using PCAOB materials against them without disclosing those materials, despite sworn statements of the SEC to the contrary.  *See* Defendants' Reply to Plaintiff Securities and Exchange Commission's Opposition to Defendants' Motion to Compel Production of PCAOB Deposition Transcripts and Plaintiff's Notes and Memoranda of Interviews with Non-Party Witnesses at 9-10, Dkt. No. 109.  Defendants have claimed that the SEC investigated them in a "highly unusual manner," "sought to elicit statements from KPMG employees" in an "unorthodox" way, and that its refusal to turn over witness interview notes "constitutes unfair play by a federal law enforcement agency."  Letter from Randall Lee dated November 16, 2012 at 1, Exhibit E.  In a recent letter, Defendants go even further, complaining of "the appearance of substantial improper collusion between the Commission and KPMG witnesses" in this litigation.  Exhibit A.

These wholly unfounded allegations cannot support the Defendants' requested invasion into the SEC's work product, an invasion likely to impose additional burdens on all parties and the Court as the scope of what is protected and what is not is further litigated.  Defendants' proposed fishing expedition into the SEC's communications in an attempt to substantiate its unfounded allegations would be highly unproductive, a waste of time, and significantly prejudicial to the SEC.

As the court stated in *Braniff Airways, Inc. v. Civil Aeronautics Bd.*, 379 F.2d 453, 462 (D.C. Cir. 1967), there is no "license to rummage through the internal processes of an administrative agency, searching for some irregularity, or the hint of one, on which to base a challenge to the validity of the decision."  The *Braniff* Court explained that: "The general rule

6

remains that a party is not entitled to probe the deliberations of administrative officials, oversee their relationships with their assistants, or screen the internal documents and communications they utilize."  *Id.* citing *United States v. Morgan*, 313 U.S. 409 (1941) ("Just as a judge cannot be subjected to such a scrutiny * * * so the integrity of the administrative process must be equally respected."). *C.f. SEC v. Lavin*, 111 F.3d 921, 926-927 (D.C. Cir. 1997) (There is a heavy burden to justify discovery into allegations of "institutional bad faith").

Moreover, public policy favors a candid discourse between potential defendants and the SEC staff and between SEC staff and other governmental agencies prior to the initiation of civil enforcement actions.  If Defendants' unfounded allegations of misconduct are rewarded with a deposition of the attorneys that investigated and are litigating this matter, such a decision could have a chilling effect on the important pre-charging discourse engaged in by SEC staff, and, even more so, trial counsel's ability to discuss issues with witnesses in preparation for trial.

**C.     Defendants' Effort to Depose Opposing Counsel Is Improper.**

**1.     SEC Counsels' Recollections and Notes of Witness Interviews and Discussions with the PCAOB Are Protected Work Product.**

In seeking to depose the SEC about all of its communications with KPMG and the PCAOB, Defendants are effectively seeking to depose opposing counsel.  SEC lawyers engaged in the communications and thus those lawyers would necessarily have to provide the information Defendants seek.  "[A] Rule 30(b)(6) deposition of an SEC official with knowledge of the extent of [an] investigative effort, amounts to the equivalent of an attempt to depose the attorney for the other side."  *SEC v. Rosenfeld*, No. 97 CIV. 1467 (RPP), 1997 WL 5760231 at *2 (S.D.N.Y. Sept. 16, 1997); *see also SEC v. SBM Investment Certificates, Inc.,* Civil Action No. DKC 2006-0866, 2007 WL 609888, at *23-24 (D. Md. Feb. 23, 2007) (finding 30(b)(6) notice designating "all communications" with various third-parties "clearly calls for the revealing of information

gathered by the SEC attorneys in anticipation of bringing the instant enforcement proceedings" and thereby invaded attorney work product); *SEC v. Jasper*, No. C 07-06122 JW (HRL), 2009 WL 1457755 (N.D. Cal. May 26, 2009) (finding 30(b)(6) notice to the Commission as to communications with non-parties to be an attempt to depose the Commission's lawyers).  Where a 30(b)(6) witness would be required to be prepared by attorneys that conducted the SEC investigation, "preparation of the witnesses would include disclosure of the SEC attorneys' legal and factual theories as regards the alleged violations of the securities laws of this country and their opinions as to the significance of documents, credibility of witnesses, and other matters constituting attorney work product."  *SEC v. Rosenfeld,* 1997 WL 5760231 at *2-3; *see also* Section II. B. of the SEC's Opposition to Defendants Motion to Compel, Dkt. 98, ("Opposition") at 14-15.

To be clear, the Commission's communications with KPMG are not privileged. Defendants are free to explore those communications with KPMG witnesses and have had the opportunity to do so at the recent depositions of Cynthia Reinhart and Jennifer Hall.[3]  But Defendants' attempts to access those communications through the memories (or notes) of Commission counsel invoke the work product doctrine.  That doctrine protects against unwarranted intrusions into the files and mental impressions of attorneys.  *Hickman v. Taylor*, 329 U.S. 495, 510 (1947).  Federal Rule of Civil Procedure 26(b)(3) and the relevant case law make clear that the mental impressions, conclusions, opinions and legal theories of attorneys and those working with them are entitled to heightened protection:

---

[3]     Belying the purported importance these communications have to Defendants, they asked only limited questions of Ms. Hall about her communications with the SEC and almost no questions of Mr. Reinhart.  This shows that it is not the communications themselves that are of interest to Defendants, but rather, the SEC's impressions of those communications.

> [T]he Court shall protect against disclosure of the mental impressions,
> conclusions, opinions, or legal theories of an attorney or other representative of a
> party concerning the litigation.

Fed. R. Civ. P. 26(b)(3); s*ee also Upjohn Co. v. U.S.*, 449 U.S. 383, 400-401 (1981).

What an attorney chooses to ask a witness, what his memory recalls as important, or what

she chooses to record in her notes, necessarily reflect the attorney's mental impressions,

conclusions, and opinions. Attorney recollections of witness interviews, like notes or

memoranda, are subject to heightened protection. *In re Grand Jury Proceedings*, 43 F.3d

966, 970 (5th Cir. 1994) ("stricter limits on disclosure of work product which results from

oral communications with third parties is also necessary due to the likelihood that such

[recollections] will reveal the attorney's mental processes or litigation strategy"), citing

*Upjohn Co. v. United States*, 449 U.S. 383, 400 (1981).

Tellingly, Defendants contend that their own counsel may not be questioned about their

communications with third-parties regarding this matter. *See* McKenna Decl. at ¶ 3. Defendants

thus acknowledge that the work product doctrine protects against inquiry of opposing counsel as

to their communications with third parties. Nonetheless, they contend that the SEC attorneys

may be questioned about their communications with certain third-parties, including at least

KPMG and the PCAOB. *Id.* In the parties meet and confer, Defendants indicated that KPMG is

unique because its employees are such important witnesses. *Id.* However, while KPMG

witnesses will doubtlessly testify at trial, they are no more important than members of

Thornburg's management with knowledge about margin calls, liquidity, and the company's

Form 10-K, or its lenders. In addition, there is no "important witness" exception to the work

product doctrine. Indeed, to the extent KPMG is particularly important, Plaintiff's counsel's

work product is all the more important and deserving of protection.

## 2.   Defendants Cannot Show that They Are Entitled to Depose the SEC's Attorneys.

Because seeking to depose opposing counsel is a "harassing practice" "that does nothing for the administration of justice but rather prolongs and increases the costs of litigation, demeans the profession, and constitutes an abuse of the discovery process," the Eight Circuit set forth a three-part test that has been adopted by the Tenth Circuit.  *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1330 (8th Cir. 1986); *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1112 n.15 (10th Cir. 2001), citing *Boughton v. Cotter Corp.*, 65 F.3d 823, 830 (10th Cir. 1995). *Shelton* found that such a deposition was only appropriate "where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.  *Id*. at 1327 (internal citation omitted).  This Court utilized *Shelton's* three-part test and adopted its rationale in *Valencia v. Colorado Casualty Ins. Co.*, No. CIV 06-1259 JB/RHS, 2007 WL 5685360 at *6 (N.M. Dec. 8, 2007) ("[t]aking the deposition of opposing counsel not only disrupts the adversarial system and lowers the standards of the profession, but it also adds to the already burdensome time and costs of litigation. …."), quoting *Shelton,* 805 F.3d at 1327.  Because Defendants cannot meet any prong of Shelton's three-part test, let alone all three as required, their 30(b)(6) Notice should be quashed.  *See Valencia*, 2007 WL 5685360 at *4 ("In the Tenth Circuit, courts may issue such protective orders when any one or more of those prongs are not met.")

### a.   Defendants do not need to depose the SEC to obtain much of the information sought.

Defendants' 30(b)(6) Notice seeks to explore all of the SEC's communications with KPMG and the PCAOB.  With regard to the SEC's communications with KPMG witnesses,

Defendants have already moved to compel access to the SEC's notes of those communications. Motion to Compel, Dkt. 90.  As the SEC explained in response to that Motion, Defendants have shown no need for the notes because they can and have asked the KPMG witnesses themselves what their testimony is during depositions.  *See* Opposition, Dkt. 98, at 16-19.  As to the SEC's communications with counsel for KPMG, which Defendants also seek, in order to avoid a discovery dispute such as this, despite maintaining that its communications with KPMG during the SEC's investigation were work product, the SEC nonetheless produced e-mails sent to or received from KPMG counsel prior to the filing of this lawsuit.[4]  Thus, what is sought is the SEC's correspondence with KPMG's counsel during the litigation, and the SEC's recollections of all conversations with KPMG counsel.  The relevance of such communications is unclear, and information could be obtained from KPMG's counsel as easily as it could be from SEC's counsel.

The third category of information sought is SEC counsels' recollections of communications with the PCAOB, but the subjects of the communications can likewise be obtained from the PCAOB attorneys involved as opposed to the SEC counsel that investigated and is litigating this matter.

---

[4] To the extent that Defendants argue that the production of these emails effected a subject matter waiver as to all communications with KPMG, they are wrong.  *See S&A Painting Co., Inc. v. O.W.B. Corp.*, 103 F.R.D. 407, 409-410 (W.D. Pa. 1984) (finding that witness's referral to handwritten notes during deposition effected waiver only to those portions of the notes witness actually referred to, not the entirety of the notes.)  Moreover, allowing the Defendants to prevail on that argument would do nothing more than prove that no good deed goes unpunished. In an effort to avoid this issue (and hopefully persuade the Defendants that no witness has been improperly induced to offer testimony), the Plaintiff produced communications with KPMG prior to the filing of the lawsuit.  The production of those communications should not be the basis for the wholesale invasion of Plaintiff's work product.

**b.      The information sought is irrelevant and privileged.**

As noted above, SEC counsel's communications with KPMG witnesses, KPMG counsel, and PCAOB representatives are not relevant to the SEC's claims that Defendants violated the securities laws or any conceivable defense thereto.  The SEC's investigatory and litigation conduct "bears absolutely no relevance to [Defendants'] culpability."  *SEC v. Keating*, 1992 WL 207918 at *4.  Moreover, Defendants' collusion theories are unfounded and the SEC has offered to respond to discovery from Defendants asking whether the SEC or PCAOB provided any promise, inducement, or incentive, or had agreed to forbear from taking any action, in exchange for KPMG's cooperation or testimony.  Defendants' baseless speculations cannot support the requested discovery.

As discussed above, testimony from SEC counsel as to what it recalls being told by KPMG witnesses, KPMG counsel, and PCAOB representatives is protected as attorney work product.  *See* Section III.C.1., *supra*.  Further, communications with the PCAOB are privileged. *See* Section III.D., *infra*.

**c.      The information sought is not crucial to Defendants' preparation of their case.**

Even if the Court were to determine that SEC testimony as to its counsels' communications with KPMG and the PCAOB was somehow relevant, that is not enough. Defendants must show that this information is *crucial* to the preparation of their case.  This they cannot do.  Defendants hope to use the deposition of SEC counsel to show that KPMG witnesses cooperated with the SEC by providing unsworn interviews and attorney proffers.  But they can already show that.  Despite believing that the SEC's investigative decisions of whom to speak with in conducting its investigation was protected work product, in an unsuccessful attempt to avoid a potential discovery dispute, while preserving those objections, the SEC responded to an

interrogatory asking who at KPMG the SEC had interviewed.  In its response, the SEC identified

several KPMG interviews and proffers.  *See* Plaintiff's Amended Objections and Responses to

Defendants' First Set of Interrogatories, Response to Request No. 32, at 28-29, copy attached as

Exhibit F.  Thus, Defendants already have ample information to claim at trial that KPMG has

cooperated with the SEC, and is biased in the SEC's favor, if they so desire.  Additional

testimony from SEC counsel would simply be cumulative.[5]

In their Motion to Compel, Defendants also claim they need to see the SEC's notes of

KPMG interviews for impeachment purposes.  Presumably they want to depose the SEC

attorneys that took the notes for that purpose as well.  But the KPMG witnesses that provided the

interviews are available to Defendants.  They have already deposed both witnesses.  To the

extent there is any inconsistency between what those witnesses testified to in investigative

testimony, at deposition, and what they will testify to at trial, Defendants are free to impeach.

Having an SEC lawyer testify as to what the lawyer recalls a KPMG witness saying during an

interview as well will not provide any appreciable additional information.  It certainly is not

*crucial* to Defendants' preparation of their case.

The SEC's communications with the PCAOB and KPMG counsel are also not crucial to

Defendants.  Defendants apparently believe that there may be some improper coordination

between the SEC, KPMG and the PCAOB that would be exposed if the SEC were required to

testify about those communications.  They have speculated that KPMG/SEC communications

"may [ ] reveal whether the SEC has sought to use the threat of PCAOB sanctions to influence

the testimony of PCAOB witnesses."  Defendants' Response In Opposition to Non-Party KPMG

---

[5]     Under Federal Rule of Civil Procedure 26(b)(2)(C) and other relevant authority, the
Court must deny unreasonably duplicative or cumulative discovery or discovery that can
be obtained in a less burdensome manner.

LLP's Motion to Quash, in Part, or Modify Subpoena to Produce Documents, and for Protective Order, Dkt. 105, at 19.  And that KPMG's communications with the PCAOB "could reveal representations by KPMG about the importance of its witnesses to the SEC's case, promises or inducements by the PCAOB to KPMG witnesses relating to future sanctions, or threats by the PCAOB to impose sanctions."  These unfounded speculations of threats and coercion that the requested discovery "may" or "could" reveal expose Defendants' discovery requests as the fishing expedition they are.  Moreover, the SEC has offered to respond to a discovery request that asks it whether it provided any promise, inducement, or incentive, or agreed to forbear from taking any action, in exchange for KPMG's cooperation or testimony.  This obviates the need to depose SEC's counsel about all communications with the PCAOB and KPMG to explore Defendants' speculations of improper conduct.

**D.    The SEC's Communications with the PCAOB Are Protected under Section 105 of the Sarbanes-Oxley Act, 15 U.S.C. § 7215(b)(5)(A), and the Deliberative Process Privilege.**

Section 105(b)(5)(A) of the Sarbanes-Oxley Act provides:

> Except as provided in subparagraphs (B) and (C), all documents and information prepared or received by or specifically for the Board, and deliberations of the Board and its employees and agents, in connection with an inspection under section 7214 of this title or with an investigation under this section, shall be confidential and privileged as an evidentiary matter (and shall not be subject to civil discovery or other legal process) in any proceeding in any Federal or State court or administrative agency, and shall be exempt from disclosure, in the hands of an agency or establishment of the Federal Government, under the Freedom of Information Act (5 U.S.C. 552a), or otherwise, unless and until presented in connection with a public proceeding or released in accordance with subsection (c) of this section.

15 U.S.C. § 7215(b)(5)(A).

The SEC's communications with the PCAOB were made in connection with the PCAOB's investigation of KPMG.  Thus those communications are "information prepared or

received by or specifically for the Board, and deliberations of the Board and its employees and agents, in connection with … an investigation under this section." *Id*. As such, they are "confidential and privileged as an evidentiary matter (and shall not be subject to civil discovery or other legal process) in any proceeding in any Federal or State court or administrative agency." *Id*.; *see also Bennett v. Sprint Nextel Corp.*, No. 11-9014-MC-W-ODS, 2012 WL 4829312, at *3-4 (W.D. Mo. Oct. 20, 2012). The SEC's communications with the PCAOB have not been presented in a public proceeding and thus the exception from protection does not apply. The communications are privileged. *See* Opposition at 6-10.

In addition to the Section 105 privilege and the work product privilege, the SEC's communications with the PCAOB are also protected by the deliberative process privilege. The deliberative process privilege protects the government's decision-making process to "prevent injury to the quality of the agency's decisions." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 151 (1975). There are two requirements for the privilege: the material must be pre-decisional and it must be deliberative. *In re Sealed Case*, 121 F. 3d 729, 737 (D.C. Cir. 1997). Thus, any conversations that would reflect the "impressions, opinions and suggestions" of the Commission's personnel or attorneys concerning its underlying investigation are protected by this privilege. *See, e.g., Housley v. U.S. Dep't of Treasury*, 688 F. Supp. 37, 39 (D.D.C. 1988). The deliberative process privilege can only be overcome by a showing of sufficient need. *In re Sealed Case*, 121 F. 3d at 731.

Defendants' attempt to question SEC attorneys about their conversations with the PCAOB in connection with the investigations of Thornburg and KPMG is a direct affront to the deliberative process privilege. Discussions between the SEC and PCAOB about investigation strategy and charging decisions are paradigmatic of the types of communications that should be

immune from civil discovery.  And Defendants can show no need for these communications in defending this action.  Defendants offer no support for their speculations that the SEC and PCAOB have incentivized or threatened KPMG to provide favorable testimony in this matter, and the SEC has offered to address those speculations through written discovery.  There is no need to invade the SEC's deliberative process in investigating and bringing this matter.

**E.     Defendants' Second and Third Requests for the Productions of Documents from the SEC Are Improper for the Reasons Set Forth Above and a Protective Order Should Be Granted as to Them as Well.**

Defendants' Second and Third Requests for the Production of Documents from the SEC seek all the SEC staff's communications with the PCAOB and KPMG, respectively.  Because the SEC's communications with the PCAOB and KPMG reflect the SEC's attorney opinion work product, and because communications with the PCAOB are also covered by the Section 105 privilege and the deliberative process privilege, as discussed above, a protective order should be granted against this discovery as well.

## IV.  CONCLUSION

The Commission has demonstrated that a protective order covering Defendants' 30(b)(6)

Notice, and second and third requests for the production of documents, is appropriate.

DATED:  January 15, 2013

Respectfully submitted,


s/ Stephen C. McKenna
Stephen C. McKenna
Gregory Kasper
Dugan Bliss
Securities and Exchange Commission
1801 California Street, Suite 1500
Denver, Colorado 80202
Telephone: 303.844.1000
Attorneys for Plaintiff Securities and
Exchange Commission

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2013, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system that will send notification of such filing to all counsel of record.

Michael Hoses
Assistant United States Attorney
P.O. Box 607
Albuquerque, NM 87103
(505) 346-7274
E-mail: Michael.hoses@usdoj.gov
*Local Counsel for Plaintiff Securities and Exchange Commission*

Alanna G. Buchanan (alanna.buchanan@wilmerhale.com)
Joel Fleming (joel.fleming@wilmerhale.com)
Chris Johnstone (chris.johnstone@wilmerhale.com)
Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA 94304
Phone: (650) 858-6000
Fax: 650-858-6100

Randall R. Lee (Randall.lee@wilmerhale.com)
Jessica F. Kurzban (Jessica.kurzban@wilmerhale.com)
Peiyin Patty Li (Patty.li@wilmerhale.com)
Wilmer Cutler Pickering Hale and Dorr LLP
350 S. Grand Avenue, Suite 2100
Los Angeles, CA 90071
Phone: (213) 443-5360

John A. Valentine (john.valentine@wilmerhale.com)
Lauren R. Yates (lauren.yates@wilmerhale.com)
Michael A. Lamson (Michael.lamson@wilmerhale.com)
April N. Williams (April.Williams@wilmerhale.com)
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Ave., NW
Washington, DC 20006
Phone:  (202) 663-6000
Fax:  (202) 663-6363

*Attorneys for Defendant Larry Goldstone and Clarence Simmons, III*

Andrew G. Schultz (aschultz@rodey.com)
Bruce D. Hall (bhall@rodey.com)

18

Melanie B. Stambaugh
Rodey, Dickason, Sloan, Akin & Robb, P.A.
201 3rd Street NW, Suite 2200
P.O. Box 1888
Albuquerque, NM 87102
*Attorneys for Defendants Larry Goldstone, Jane E. Starrett and Clarence Simmons, III*


Jerry L. Marks (jmarks@milbank.com)
Alisa Schlesinger (aschlesinger@milbank.com)
Elena Kilberg (ekilberg@milbank.com)
Robert J. Liubicic (rliubicic@milbank.com)
Paul M. Torres
Milbank, Tweed, Hadley & McCloy LLP
601 S. Figueroa Street, 30th Floor
Los Angeles, CA 90017
Phone (213) 892-4000
Fax:  (213) 892-5063

Thomas Arena (tarena@milbank.com)
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005
Phone: (212) 530-5000
Fax:  (212) 530-5219

*Attorneys for Defendant Jane Starrett*


s/ Marla J. Pinkston
Marla J. Pinkston