IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No. 1:12-cv-00257-JB-LFG |
| LARRY GOLDSTONE, CLARENCE G. SIMMONS, III, and JANE STARRETT, | ) ) ) | |
| Defendants. | ) ) ) | |

## KPMG LLP'S MOTION TO INTERVENE

KPMG LLP ("KPMG") hereby moves the Court, pursuant to Federal Rules of Civil Procedure 24(a)(2) and (b)(1)(B), for an order permitting KPMG to intervene in the above-captioned action for the limited purposes of objecting to Defendants' motion to compel (Doc. 90), to the extent it seeks documents or information protected under 15 U.S.C. § 7215(b)(5) ("Section 105"), and assuring KPMG's right to appeal any Court order granting that motion.

## INTRODUCTION

Currently pending before the Court are two motions which involve KPMG's assertion that materials relating to the investigation of KPMG by the Public Company Accounting Oversight Board ("PCAOB") are privileged under Section 105 of the Sarbanes-Oxley Act:  (1) KPMG's motion to quash the subpoena served on KPMG, and for a protective order (Doc. 91); and (2) Defendants' motion to compel the Securities and Exchange Commission ("SEC") to produce transcripts of PCAOB testimony.  These motions are fully briefed, and the Court is scheduled to hear oral argument on both motions on January 30, 2013.

Although KPMG is not a party to this case, Defendants have repeatedly sought—through a subpoena to KPMG, discovery requests to the SEC, their request for an emergency telephonic hearing with the Court, deposition questions, and now a motion to compel—to obtain information concerning the status and content of the PCAOB investigation. Specifically, Defendants have demanded production of the transcripts of the PCAOB's depositions of KPMG personnel, from both KPMG and the SEC. As KPMG has argued in both its motion to quash and its opposition to Defendants' motion to compel, the information Defendants are seeking is confidential, privileged, and exempt from discovery under Section 105 ("the Section 105 Privilege").

On November 9, 2012, at Defendants' request, the Court held an emergency telephonic hearing to determine whether the SEC would nevertheless be compelled to produce the PCAOB transcripts. Counsel for KPMG participated in that hearing without objection.

Pursuant to the Court's oral order at the conclusion of that hearing, the SEC consulted with the individuals responsible for drafting the Complaint against Defendants, and determined that they had not relied on the PCAOB transcripts. Thus, in accordance with the Court's ruling, the SEC refused to produce the transcripts. Defendants then filed their motion to compel. Both the SEC and KPMG submitted opposition papers.[1]

In their reply to KPMG's opposition, Defendants asserted for the first time that KPMG's opposition was procedurally improper because KPMG had not formally intervened in the case. Doc. 110 ("Def. Br.") at 2-3. Because Defendants' motion to compel directly implicates KPMG's Section 105 Privilege and because the SEC and KPMG, as Defendants concede, have

---

[1]    KPMG has separately moved to quash the subpoena served on KPMG and for a protective order. Doc. 91.

different views on the scope and application of the privilege, KPMG seeks leave from the Court

to intervene for the purposes of protecting its privilege, objecting to Defendants' motion to

compel, and preserving its right to appeal any order directing the SEC to produce material

protected by KPMG's privilege.[2]

## ARGUMENT

**I.      KPMG Is Entitled to Intervention of Right.**

### A.      The Legal Standard

"On timely motion, the court must permit anyone to intervene who . . .  claims an interest

relating to the property or transaction that is the subject of the action, and is so situated that

disposing of the action may as a practical matter impair or impede the movant's ability to protect

its interest, unless existing parties adequately represent that interest."  Fed. R. Civ. P. 24(a)(2);

*see Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1249 (10th Cir. 2001).  The Tenth Circuit

"follows a somewhat liberal line in allowing intervention."  *Utah Ass'n of Counties*, 255 F.3d at

1249 (quotation and citation omitted); *Wildearth Guardians v. U.S. Forest Service*, 573 F.3d 992,

995 (10th Cir. 2009) (same).   Accordingly, "[t]he central concern in deciding whether

intervention is proper is the practical effect of the litigation on the applicant for intervention."

*San Juan County v. United States*, 503 F.3d 1163, 1193 (10th Cir. 2007) (*en banc*).

Although Rule 24 refers to "action[s]," courts have consistently interpreted the Rule to

"allow intervention as of right on collateral discovery issues."  *United States v. Am. Tel. & Tel.*

*Co.*, 642 F.2d 1285, 1292 (D.C. Cir. 1980); *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d

---

[2]      Pursuant to D.N.M.LR-Civ. 7.1(a), KPMG's counsel conferred in good faith with counsel for Defendants and the SEC on January 18, 2013, and determined that the SEC does not oppose this motion but that Defendants do oppose the motion.

1424, 1427 (10th Cir. 1990) ("The courts have widely recognized that the correct procedure for a nonparty to challenge a protective order is through intervention for that purpose.").  Non-parties are thus permitted to intervene to protect their privileges and confidential information.  *See*, *e.g.*, *In re Sealed Case,* 237 F.3d 657, 663-64 (D.C. Cir. 2001) (granting motion to intervene to preserve confidentiality of FEC investigation documents); *Am. Tel. & Tel. Co.*, 642 F.2d at 1292 ("Without the right to intervene in discovery proceedings, a third party with a claim of privilege in otherwise discoverable materials could suffer the obvious injustice of having his claim erased or impaired by the court's adjudication without ever being heard.") (quotation and citation omitted).  Finally, a movant may intervene for a limited purpose under Rule 24.  *See, e.g.,* Fed. R. Civ. P. 24, Advisory Committee note ("An intervention of right under the amended rule may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings.").

Straightforward application of these well-established principles shows that KPMG's motion to intervene should be granted.[3]

### B.    KPMG's Has an Interest in the Subject of this Action.

It is well-established that protecting privileged or confidential information is a sufficiently important interest to justify intervention.  *In re Sealed Case,* 237 F.3d at 664 ("[Appellants] have a legally cognizable interest in maintaining the confidentiality of the

---

[3]    KPMG recognizes that under Rule 24(c), a motion to intervene must "be accompanied by a pleading that sets out the claim or defense for which intervention is sought."  Fed. R. Civ. P. 24(c).  KPMG respectfully submits that, given the limited nature of its proposed intervention, the brief that it has already submitted in opposition to Defendants' motion to compel (Doc. 99) fully satisfies this requirement.  However, if the Court believes that a formal pleading beyond KPMG's brief is required, KPMG requests the opportunity to file such a pleading at a later date at the Court's direction.

documents the FEC seeks to disclose in the public record."); *Am. Tel. & Tel. Co.*, 642 F.2d at

1291 ("MCI has certainly alleged an interest in the protection of its work product . . . ."); *In re*

*Chocolate Confectionary Antitrust Litig.*, Civil Action No. 1:08-MDL-1935, 2008 WL 4960194,

at *1 (M.D. Pa. Nov. 18, 2008) ("[T]he Canadian government's interest in safeguarding the

confidentiality of information gathered from defendants constitutes a 'significantly protectable'

interest supporting a right of intervention . . . ."); *W. Res., Inc. v. Union Pac. R.R. Co.*, No. 00-

2043-CM, 2001 WL 1718370, at *2 (D. Kan. Sept. 12, 2001) ("Movants appear to have an

interest in the property or transaction in the 'action,' because they have in interest in the

confidential contracts into which they entered with Defendants—the subject of the limited

discovery action in which Movants seek to intervene.").   Defendants' motion to compel

specifically seeks the production of PCAOB transcripts of the testimony of KPMG witnesses, as

to which KPMG has asserted the Section 105 Privilege.   Accordingly, KPMG plainly has a

sufficient "interest relating" to the "subject of the action" to justify intervention.  Fed. R. Civ. P.

24(a)(2).[4]

---

[4]    Defendants argue that to intervene, KPMG must show that its interest is "direct,
substantial, and legally protectable," Def. Br. at 2, citing the Tenth Circuit's decision in *Vermejo
Park Corp. v. Kaiser Coal Corp.*, 998 F.2d 783, 790 (10th Cir. 1993) for this so-called "DSL"
test.  More recently, however, the Tenth Circuit has observed that "the DSL test did not survive
the case in which it was first expressed," and "other interests may also suffice."   *San Juan
County*, 503 F.3d at 1194-95.  Thus, "[i]f an absentee would be substantially affected in a
practical sense by the determination made in an action, he should, as a general rule, be entitled to
intervene."  *Id.* (quotation and citation omitted).  There can be no question that KPMG will be
substantially affected in a practical sense by an order compelling the SEC to produce the
PCAOB's transcripts of the testimony of KPMG witnesses, because information that Congress
made confidential to protect an auditor's reputation during a PCAOB investigation will be made
public.  Moreover, even if the DSL test were applicable here, it is clear that KPMG has a direct,
substantial and legally protectable interest expressly created by statute in preserving the
confidentiality of the PCAOB testimony.

**C.**     **The Court's Resolution of Defendants' Motion May Impair or Impede KPMG's Ability to Preserve the Confidentiality of PCAOB Investigation Material.**

To satisfy the impairment element of Rule 24(a)(2), "a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied." *Utah Ass'n of Counties*, 255 F.3d at 1253 (quotation and citation omitted). "This burden is minimal," *id.*, and "[s]uch impairment need not be of a strictly legal nature." *W. Res., Inc.*, 2001 WL 1718370, at *3 (quotation and citation omitted). If KPMG is not permitted to intervene, its ability to protect information covered by the Section 105 Privilege from public disclosure will be impaired, because an order compelling the SEC to produce the PCAOB transcripts would destroy the privilege and confidentially guaranteed by Section 105 as to those documents. *See, e.g., In re Sealed Case,* 237 F.3d at 664 ("Once the information included in the FEC's subpoena enforcement action is released, 'the cat is out of the bag,' and Appellants' statutorily guaranteed confidentiality would be forever lost."); *Am. Tel. & Tel. Co.*, 642 F.2d at 1291 ("[T]his interest [the protection of MCI's work product from disclosure by the United States] will be impaired if the database documents are not protected from AT&T's discovery request."); *W. Res., Inc.*, 2001 WL 1718370, at *4 ("[T]he Court finds that Movants' ability to protect their interest [in the protection of confidential contracts] may be impaired by excluding them from determination of this issue within the case.").

**D.**     **The SEC Does Not Adequately Represent KPMG's Interest.**

"Although an applicant for intervention as of right bears the burden of showing inadequate representation, that burden is the 'minimal' one of showing that representation 'may' be inadequate." *Utah Ass'n of Counties*, 255 F.3d at 1254 (quotation and citation omitted); *W.*

*Res., Inc.*, 2001 WL 1718370, at *4 ("The applicant's burden on this point is minimal."). "The possibility that the interests of the applicant and the parties may diverge 'need not be great' in order to satisfy this minimal burden." *Utah Ass'n of Counties*, 255 F.3d at 1254 (citation omitted).

 Here, there is no question that the SEC and KPMG have different interests at stake and take different positions. While both the SEC and KPMG have asserted the Section 105 Privilege, they have taken different positions on its scope and meaning, as Defendants concede. Def. Br. at 1. As the SEC has explained, "[o]ur opposition to Defendants' Motion to Compel is based on several arguments that are materially different from arguments made by KPMG, and KPMG makes arguments in its opposition that the SEC does not necessarily agree with." Doc. 109-11 (Dec. 27, 2012 e-mail from S. McKenna). For example, KPMG and the SEC have taken different positions on the meaning of "public proceeding" in Section 105(b)(5)(A): KPMG contends that "public proceeding" refers to PCAOB proceedings that have been made public and does not include an enforcement action brought by the SEC, while the SEC does not dispute that this case could be a "public proceeding" within the meaning of the statute. *Compare* Doc. 99 ("KPMG Opp.") at 6-7, *with* Doc. 98 ("SEC Opp.") at 2, 6-9. Similarly, KPMG argues that the SEC has no power to waive the Section 105 Privilege, whereas the SEC merely argues that it did not waive the privilege here. *Compare* KPMG Opp. at 4-7, *with* SEC Opp. at 10-13. And KPMG has pointedly emphasized the strength of the Section 105 Privilege, *see* KPMG Opp. at 17-19, while the SEC has made no such argument. Indeed, Defendants devote an entire section of their reply brief to respond to the arguments made by KPMG "with which the SEC disagrees."

Def. Br. at 4-5; *see also* Def. Br. at 7 (identifying additional arguments raised by KPMG that are not made by the SEC).

This obvious divergence in positions between the SEC and KPMG is itself sufficient to justify intervention.  *See, e.g., Utah Ass'n of Counties*, 255 F.3d at 1255-56 (granting motion to intervene where the interests and future litigation positions of the government and the proposed intervenor were in "potential conflict"); *Sackman v. Liggett Grp., Inc.*, 167 F.R.D. 6, 22 (E.D.N.Y. 1996) (granting intervention as of right where defendant tobacco company "may have a somewhat different agenda with respect to its litigation tactics than the other tobacco companies"); *cf. W. Res., Inc.*, 2001 WL 1718370, at *4 ("[T]he Court finds Movants' interest in protecting the alleged confidential contracts from disclosure is not sufficiently protected by Defendants' interest in keeping the contracts confidential" because Movants and Defendants did not have the same relationship with respect to the Plaintiff).

Moreover, there is a serious divergence in interests between the SEC and KPMG. KPMG's sole concern in this case is the preservation of the Section 105 Privilege.  The SEC, however, while it has asserted the Section 105 Privilege, has to also take into account its interest in prosecuting this case, as well as the broader public interest as the SEC sees it, and may be prepared to compromise the privilege in ways that KPMG believes are not appropriate and are inconsistent with its interests.  Thus, the SEC may not adequately represent KPMG's interests in this case.  *See, e.g., Utah Ass'n of Counties*, 255 F.3d at 1254-56 ("[T]his showing is easily made when the party upon which the intervenor must rely is the government, whose obligation is to represent not only the interest of the intervenor but the public interest generally, and who may not view that interest as coextensive with the intervenor's particular interest.").

Finally, should the Court order production of the PCAOB transcripts, KPMG and the SEC would likely take very different positions on the need for immediate appellate review. KPMG will almost certainly seek to appeal the Court's order in order to preserve the Section 105 Privilege, but the SEC might well view its responsibility to attempt to protect the privilege discharged and be more interested in moving forward with prosecution of its case in this Court. *See Am. Tel. & Tel. Co.*, 642 F.2d at 1294 ("We find the divergence of interests for purposes of appeal even more clear in the present case, since the United States cannot readily pursue its interest in expeditious prosecution of the antitrust suit against AT&T unless it forgoes what might well appear to be a lengthy appeal process to vindicate MCI's claimed privilege.   In contrast, MCI has a much stronger interest in the protection of its work product and does not share the Government's interest in expedition.").

Accordingly, for all of these reasons, the SEC will not adequately represent KPMG's interests.

### E.      KPMG's Motion Is Timely

"The timeliness of a motion to intervene is assessed in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances." *Utah Ass'n of Counties*, 255 F.3d at 1250 (quotation and citation omitted).  "The requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner."  *Id.*  "Federal courts should allow intervention where no one would be hurt and greater justice could be attained."  *Id.* (quotation and citation omitted).

While KPMG is not formally moving to intervene until after Defendants' motion to compel has been fully briefed, that is because KPMG has already been participating in the discovery dispute concerning the applicability of the Section 105 Privilege, beginning with the November 9, 2012 hearing when Defendants first raised the issue, even without making a formal intervention motion. *See In re Sealed Case (Medical Records)*, 381 F.3d 1205, 1211 n.4 (D.C. Cir. 2004) ("[C]ourts of appeals have construed a district court's decision to permit a non-party to participate in a discovery dispute as the equivalent of authorizing intervention."). KPMG brings this motion now because Defendants raised the issue in their reply brief, and because KPMG wants to take all appropriate precautions to ensure that its interests in the case are protected and its status in the case is clear for purposes of any appeal that may be necessary.

Defendants will suffer no prejudice if KPMG is allowed to intervene, and they do not argue otherwise. Defendants have already submitted a separate reply brief to respond to KPMG's opposition brief as they saw fit, and they thus have had a full opportunity to respond to KPMG's position on the merits of the privilege issues. And because KPMG seeks only limited intervention, granting its motion will have little effect on the case as a whole. Accordingly, there is no prejudice to Defendants, and no basis for denying KPMG's motion on the ground that it is not timely.

## II.     KPMG Is Also Entitled to Permissive Intervention.

In addition, even if the Court is not satisfied that KPMG is entitled to intervention of right, KPMG respectfully submits that it should be granted permissive intervention pursuant to Federal Rule of Civil Procedure 24(b)(1)(B). Under Rule 24(b)(1)(B), the Court "may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common

question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B); *see S2 Automation LLC v. Micron Tech., Inc.*, No. CIV 11-0884 JB/WDS, 2012 WL 3656462, at *13 (D.N.M. Aug. 14, 2012) (Browning, J.) ("Rule 24(b) allows permissive intervention under the following conditions: (i) the application to intervene is timely; (ii) the applicant's claim or defense and the main action have a question of law or fact in common; and (iii) intervention will not unduly delay or prejudice the adjudication of the original parties' rights.").  In analyzing Rule 24, "the words 'claim' or 'defense' are not to be read in a technical sense, but only require some interest on the part of the applicant." *Sackman*, 167 F.R.D. at 23-24.

Numerous courts have concluded that assertions of privileges or confidentiality rights establish a common question of law or fact and are sufficient to support permissive intervention. *See, e.g., United States v. Dentsply Int'l, Inc.*, 187 F.R.D. 152, 157-58 (D. Del. 1999) (permitting non-party to intervene under Rule 24(b) "for purposes of bringing to the Court's attention its view with respect to what should be contained in the protective order" covering non-party's confidential business information produced during an antitrust investigation); *Sackman*, 167 F.R.D. at 21-23 (holding that "even if intervention pursuant to Rule 24(a)(2) was inappropriate, the Court would grant the motion to intervene pursuant to Fed.R.Civ.P. 24(b)(2)" to allow non-parties to raise privilege claims based on the joint defense privilege, attorney-client privilege, and the work product doctrine).  These cases, in addition to the arguments set forth above with respect to KPMG's motion for intervention as of right, provide a sound basis for the Court to permit KPMG to intervene pursuant to Rule 24(b)(1)(B).

11

## CONCLUSION

For the reasons set forth above, KPMG respectfully requests that the Court grant its motion to intervene in the above-captioned action for the limited purposes of objecting to Defendants' motion to compel to the extent it seeks documents or information protected under 15 U.S.C. § 7215(b)(5) and formally preserving KPMG's right to appeal any order granting that motion.


Dated:  January 18, 2013

                      Respectfully submitted,

                      KELEHER & MCLEOD, P.A.

                      By:  __*/s/W. Spencer Reid*_____
                          Spencer Reid
                          Albuquerque Plaza
                          201 Third Street NW
                          12th Floor
                          Albuquerque, New Mexico  87102
                          Tel.: (505) 346-4646
                          Fax:  (505) 346-1370

                      HOGAN LOVELLS US LLP

                      By:  __*/s/George Salter*_____
                          George A. Salter
                          Peter Dennin
                          875 Third Avenue
                          New York, New York 10022
                          (212) 918-3000

                      *Attorneys for Non-Party KPMG LLP*

## <u>CERTIFICATE OF SERVICE</u>

I, Spencer Reid, hereby certify that on January 18, 2013, I filed the foregoing document

electronically through the CM/ECF System, which caused all counsel of record to be served by

electronic means, as more fully reflected on the Notice of Electronic Filing:


___/s/ W. Spencer Reid_____
Spencer Reid