IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SECURITIES AND EXCHANGE COMMISSION,

     Plaintiff,

vs.                                 Case Number: 1:12-cv-00257-JB-LFG

LARRY GOLDSTONE, CLARENCE G. SIMMONS,
III, and JANE E. STARRETT,

     Defendants.

## DEFENDANTS' RESPONSE IN OPPOSITION
## TO KPMG LLP'S MOTION TO INTERVENE

Defendants Larry Goldstone, Clarence Simmons, and Jane Starrett respectfully submit
that the Court should deny non-party KPMG LLP's Motion to Intervene.  KPMG seeks
intervention for the limited purpose of objecting to Defendants' Motion to Compel the SEC to
produce transcripts of PCAOB testimony by KPMG employees, among other things.[1]  The
parties' and this Court's experience with KPMG to date, however, suggests that KPMG intends
to take a far broader role going forward with respect to all matters touching upon the PCAOB's
investigation of KPMG's audit of Thornburg Mortgage Inc.  KPMG's limited interest in
asserting the PCAOB privilege, 15 U.S.C. § 7215(b)(5)(A), does not justify further involvement
by KPMG as an intervenor.  The SEC has consistently asserted the privilege with respect to
materials it obtained from the PCAOB, and thus already adequately represents KPMG's
interests.  KPMG's counsel has also represented all current and former KPMG employees in
depositions thus far and may continue to assert the privilege, if appropriate, in future depositions.
Any concerns KPMG or the SEC have about the possible dissemination of PCAOB-related
information going forward will be adequately addressed by the stipulated protective order being

---

[1] (*See* Doc. 90 (Defendants' Motion to Compel Production of PCAOB Deposition Transcripts and Plaintiff's Notes and Memoranda of Interviews with Nonparty Witnesses).)

negotiated by the parties.

## I.    BACKGROUND

The discovery dispute that prompted Defendants' Motion to Compel and that has now led to KPMG's Motion to Intervene is a disagreement about the scope and application of the so-called PCAOB privilege – a provision in the Sarbanes-Oxley Act of 2002 that establishes the confidentiality of a discrete category of documents and information generated in the course of an investigation by the PCAOB.  *See* 15 U.S.C. § 7215(b)(5)(A).  Such documents are no longer confidential once they are "presented in connection with a public proceeding."[2]  *Id.*

At a telephonic hearing on November 9, 2012, this Court held that the SEC must produce PCAOB testimony to Defendants if the SEC used or relied on the testimony when drafting the Complaint.  (*See* Doc. 97 (Hrg. Tr.) at 22-25.)  Defendants filed their motion to compel after the SEC refused to acknowledge that it had used or relied on the PCAOB transcripts even after conceding that (1) two staff members who reviewed the PCAOB transcripts also reviewed the draft Complaint, and (2) one of those staff members was its lead investigator, who both reviewed the PCAOB transcripts and reviewed and edited the Complaint before it was filed.  (*See* Doc. 90,

---

[2] The pertinent text of 15 U.S.C. § 7215(b)(5)(A) is as follows:

"[A]ll documents and information prepared or received by or specifically for the Board . . . in connection with an inspection under [15 U.S.C. § 7214] . . . or with an investigation under [15 U.S.C. § 7215], shall be confidential and privileged as an evidentiary matter (and shall not be subject to civil discovery or other legal process) in any proceeding in any Federal or State court or administrative agency . . . unless and until presented in connection with a public proceeding or released in accordance with subsection (c)."

Ex. G, at 1.)[3]

Not only did the SEC file a response in opposition to Defendants' motion, but KPMG also filed a response in opposition to Defendants' Motion to Compel – without seeking the Court's leave to do so.  (*See* Doc. 99 (Non-Party KPMG LLP's Opposition to Defendants' Motion to Compel).)  In its response, KPMG essentially repeated the SEC's arguments, but also raised several additional arguments that even the SEC was unwilling to put forward in this case. Because the SEC would not consent to Defendants addressing both responses in a single brief, Defendants were required to prepare and file separate replies to the SEC and KPMG responses.

KPMG's response in opposition to Defendants' Motion to Compel was not the first time KPMG inserted itself into this litigation.  On December 4, 2012, KPMG moved for a protective order and moved to quash or modify a subpoena from Defendants Goldstone and Simmons that sought materials concerning the SEC and PCAOB investigations of the events at issue in this litigation.  (*See* Doc. 91 (Non-Party KPMG LLP's Motion to Quash, In Part, or Modify Subpoena to Produce Documents, and for Protective Order).)  Although KPMG's motion appeared to be, at least in part, an attempt to rehash arguments already decided by the Court,[4] Defendants did not object that KPMG lacked standing to file the motion in light of Rule 26(c)'s

---

[3] Defendants' Motion to Compel made the additional points that: (1) the SEC had waived the PCAOB privilege by producing PCAOB Witness Background Questionnaires completed by KPMG witnesses; (2) the SEC had voluntarily produced PCAOB transcripts under similar circumstances in a different case and (3) the Court should require the SEC to produce the PCAOB transcripts in the interest of fundamental fairness.  (*See* Doc. 90 at 23-27.)

[4] For example, KPMG asserts that both its motion to quash and its response to Defendants' Motion to Compel asserted that an SEC enforcement action is not a "public proceeding" under § 7215(b)(5)(A), an argument that this Court had already rejected during the November 9 telephone conference.  (*See, e.g.*, Doc. 99 at 6 ("As explained in KPMG's Motion to Quash, Section 105(b)(5)(A)'s reference to a 'public proceeding . . . in accordance with subsection (c)' refers only to a PCAOB enforcement proceeding made public under Section 105(c) or after resolution of respondent's failed appeal to the SEC, not to civil litigation commenced by the SEC or anyone else.").)

provision allowing third parties to seek protective orders.

It now appears that KPMG is no longer content to rely on Rule 26(c) as a mechanism for raising its concerns.  On January 18, 2013, KPMG filed the instant Motion to Intervene in which it claims to be entitled to intervene as of right under Rule 24(a)(2) for the limited purpose of opposing Defendants' Motion to Compel.  In the alternative, KPMG argues that the Court should permit it to intervene pursuant to Rule 24(b)(1)(B).  For the following reasons, the Court should deny KPMG's motion.

## II.    ARGUMENT

### A.    Legal Standard

Rule 24(a)(2) provides that the Court must permit intervention by a party who, upon timely motion, "claims an interest relating to the property or transaction which is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless the existing parties adequately represent that interest."  Thus, "a movant may intervene as a matter of right if (1) the motion is timely, (2) the movant claims an interest relating to the property or transaction which is the subject of the action, (3) the movant's interest may be impaired or impeded, and (4) the movant's interest is not adequately represented by existing parties."  *Oklahoma ex rel. Edmondson v. Tyson Foods, Inc.*, 619 F.3d 1223, 1231 (10th Cir. 2010) (internal quotation marks and brackets omitted).

Rule 24(b) governs permissive intervention and provides that "[o]n timely motion, the court may permit anyone to intervene who . . . (B) has a claim or defense that shares with the main action a common question of law or fact."  "The grant of permissive intervention lies

4

within the discretion of the district court," *Kane County, Utah v. United States*, 597 F.3d 1129, 1135 (10th Cir. 2010), but, in exercising that discretion, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); *see also DeJulius v. New Eng. Health Care Employees Pension Fund*, 429 F.3d 935, 943 (10th Cir. 1995) (noting that when considering whether to grant permissive intervention, a district court is required to consider undue prejudice or delay to existing parties).

### B.     KPMG Is Not Entitled to Intervene As Of Right.

"Even if an applicant satisfies the other requirements of Rule 24(a)(2), it is not entitled to intervene if its interest is adequately represented by existing parties."  *Kane County, Utah*, 597 F.3d at 1133-34 (internal quotation marks and citation omitted)); *see also City of Stillwell, Oklahoma v. Ozarks Rural Elec. Coop. Corp.*, 79 F.3d 1038, 1042 (10th Cir. 1996) ("[R]epresentation is adequate when the objective of the applicant for intervention is identical to that of one of the parties.") (internal quotation marks and citation omitted).  That is precisely the case here.  The SEC has consistently asserted the PCAOB privilege to deny Defendants access to PCAOB transcripts and other materials that Defendants believe are critical to their defense – just as KPMG has sought to do.  (*See, e.g.*, Doc. 126 (Defendants' Response in Opposition to SEC's Motion for Protective Order) at 11 (observing that "the SEC and KPMG have consistently coordinated efforts to prevent Defendants from learning whether KPMG witnesses have made exculpatory statements in SEC interviews and PCAOB testimony or would otherwise be subject to impeachment").)  Although KPMG offers several reasons why it believes the SEC's representation of KPMG's asserted interest in maintaining the confidentiality of the PCAOB

transcripts is inadequate, (*see* Mot. at 6-9), KPMG has not met its burden of demonstrating that

KPMG and the SEC have divergent interests.

KPMG argues that intervention is justified here because KPMG and the SEC have taken

somewhat different positions with respect to the scope and meaning of the PCAOB privilege.

According to KPMG:  "KPMG contends that 'public proceeding' refers to PCAOB proceedings

that have been made public and does not include an enforcement action brought by the SEC,

while the SEC does not dispute that this case could be a 'public proceeding' within the meaning

of the statute"; "KPMG argues that the SEC has no power to waive the Section 105 privilege,

whereas the SEC merely argues that it did not waive the privilege here"; and "KPMG has

pointedly emphasized the strength of the Section 105 privilege, while the SEC has made no such

argument."  (Mot. at 7.)  These differences between the SEC and KPMG do not constitute

inadequate representation, however, because they are differences in legal argument – not

differences in objective.  *See Walgreen Co. v. Feliciano de Melecio*, 6 F. App'x 27, 2001 WL

355531, at *2 (1st Cir. March 28, 2001) ("The possibility that different legal arguments will be

used does not constitute inadequate representation."); 7C Charles Alan Wright et al., *Federal*

*Practice and Procedure* § 1909 (3d ed.) ("A mere difference of opinion concerning the tactics

with which the litigation should be handled does not make inadequate the representation of those

whose interests are identical with that of an existing party or who are formally represented in the

lawsuit.").

Moreover, insofar as KPMG and the SEC differ as to whether an SEC enforcement action

is a "public proceeding" within the meaning of the statute, that difference cannot justify

intervention because the Court has already ruled that the PCAOB privilege does not apply to PCAOB materials the SEC used or relied upon in crafting the Complaint. (*See* Doc. 97 (Hrg. Tr.) at 22-25.) The Court should not allow KPMG to intervene for the purpose of relitigating an issue that has already been decided. *See Sierra Club v. Espy*, 18 F.3d 1202, 1206 n.3 (5th Cir. 1994) ("The intervenor has no right to relitigate issues already decided.").

KPMG also relies on case law suggesting that a showing of inadequate representation is made when the party upon which the intervenor must rely is the government. The case on which KPMG relies – *Utah Ass'n of Counties v. Clinton* – is not on point, however, because the proposed intervenor in that case was seeking to intervene as a party for all purposes in the litigation. 255 F.3d 1246 (10th Cir. 2001). The court's decision in that case was swayed in part by a concern that the government might change positions at a later stage in the litigation – even though the government had so far been representing the interests of the intervenors in defending the action. *Id.* at 1256; *see also WildEarth Guardians v. United States Forest Service*, 573 F.3d 992, 997 (10th Cir. 2009) ("[W]e have recognized that government policy may shift.").

No such concerns about the SEC changing position exist here – a point implicitly acknowledged by KPMG in seeking to intervene only for the limited purpose of opposing Defendants' Motion to Compel. KPMG has no reason to doubt the SEC will continue to represent its interest in asserting the PCAOB privilege over the materials Defendants seek. Indeed, the SEC has asserted that position in two separate filings with the Court to date. (*See* Doc. 121 (SEC's Motion for Protective Order to Quash Defendants' Notice of 30(b)(6) Deposition) at 14-16 (asserting the PCAOB privilege over SEC communications with the

PCAOB); Doc. 98 (SEC's Opposition to Defendants' Motion to Compel Production of PCAOB

Deposition Transcripts and Plaintiff's Notes and Memoranda of Interviews with Non-Party

Witnesses) at 4-14 (raising the PCAOB privilege in opposition to Defendants' motion to compel

production of PCAOB transcripts).)

     Finally, KPMG contends that a possible divergence of interest exists because KPMG and

the SEC would likely take different positions on the need for an interlocutory appeal if the Court

sides with Defendants and compels production of the PCAOB transcripts.  This concern is purely

speculative.  It is also well-established that a potential difference in opinion on whether to take

an appeal is ordinarily not the type of divergent interest that will justify intervention as of right.

*See* 7C Charles Alan Wright et al., *Federal Practice and Procedure* § 1909 (3d ed.) ("Even a

decision not to take an appeal is ordinarily within the discretion of the representative, though in

unusual cases this may show inadequate representation.").

     **C.    Permissive Intervention is Not Warranted.**

     For essentially the same reasons the Court should deny KPMG intervention as of right,

the Court should exercise its discretion to deny KPMG permissive intervention.  Both KPMG

and the SEC have the same objective – keeping Defendants in the dark about potentially

exculpatory evidence in the PCAOB's investigation of KPMG – and the SEC has steadfastly

maintained the position that PCAOB investigation materials in its possession are privileged.

Moreover, allowing KPMG to intervene at this stage will prejudice Defendants by needlessly

prolonging a case that already has caused enormous damage to Defendants' reputations.  KPMG

seeks to relitigate issues that have already been decided and has even admitted that it will likely

attempt to drag out the proceedings by pursuing an interlocutory appeal if it disagrees with the Court's ruling.  KPMG's involvement as an intervenor would only further delay the proceedings and divert attention from the reality of this case – that the SEC has created a tremendous disparity in information between the parties by relying on PCAOB investigation transcripts and other materials while denying Defendants access to the same.

Indeed, KPMG has already prejudiced Defendants by filing its response to Defendants' Motion to Compel without first moving to intervene.  Defendants were forced to prepare a separate reply brief addressing KPMG's arguments because the SEC would not consent to Defendants addressing both the SEC's and KPMG's arguments in a single brief.  This was unnecessary.  KPMG would not have been entitled to intervene at that time even if it had filed a timely motion to do so.  (*See* Doc. 110 (Defendants' Reply to Non-Party KPMG LLP's Opposition to Defendants' Motion to Compel) at 3 ("Non-parties have, in fact, been denied intervention under circumstances similar to those here.").)

Finally, KPMG is unlikely to suffer any prejudice from being denied intervenor status.  As a practical matter, KPMG has been and will continue to represent its interest in asserting the PCAOB privilege through its counsel's representation of KPMG witnesses in depositions.  KPMG's counsel at Hogan Lovells LLP has represented all current and former KPMG employees in depositions thus far and will no doubt continue to assert the privilege in future depositions of KPMG witnesses.  Once the Court has provided guidance on the proper scope of the PCAOB privilege by ruling on the pending discovery motions, (*see* Doc. 90, Doc. 91, Doc. 121), there is no reason KPMG's counsel will not be able to assert the privilege appropriately

going forward.

Additionally, Defendants and the SEC are currently negotiating a confidentiality stipulation and protective order that will allow for both parties, as well as non-parties like KPMG, to designate information as confidential in order to prevent its public dissemination outside the context of a trial.  Although such information would not necessarily be subject to the PCAOB privilege, KPMG would nonetheless be able to effectuate the purpose of the privilege by preventing disclosure of PCAOB-related information to non-participants in this litigation.[5]

## III.   CONCLUSION

For the above reasons, Defendants respectfully request that this Court deny KPMG's Motion to Intervene.

Respectfully submitted,

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By:    /s/ *Melanie B. Stambaugh*
          Bruce Hall
          Andrew G. Schultz
          Melanie B. Stambaugh
P. O. Box 1888
Albuquerque, NM 87103
Telephone:        (505) 765-5900
Facsimile:        (505) 768-7395
E-mail:           bhall@rodey.com
                  aschultz@rodey.com
                  mstambaugh@rodey.com

*Attorneys for Defendants Larry Goldstone, Clarence G. Simmons, III, and Jane E. Starrett*

---

[5] As Defendants have explained in other filings with the Court, as the issuer whose audit is the subject of the PCAOB investigation of KPMG, Thornburg and Defendants are not the types of "outsiders" from whom Congress intended to shield PCAOB materials.  (*See* Doc. 90 at 20 n.9.)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 25, 2013, the foregoing *Response in Opposition to KPMG LLP's Motion to Intervene* was electronically filed with the Clerk of Court using the CM/ECF system that will send notification of such filing to all counsel of record.

Michael H. Hoses
Assistant United States Attorney
P.O. Box 607
Albuquerque, NM 87103
Michael.hoses@usdoj.gov

Stephen C. McKenna
Gregory Kasper
Dugan Bliss
Securities & Exchange Commission
1801 California Street, Suit 1500
Denver, CO 80202
mckennas@sec.gov
kasperg@sec.gov
blissd@sec.gov

WILMER CUTLER PICKERING
  HALE & DORR LLP
    Randall R. Lee
    Jessica Freiheit Kurzban
    Peiyin Patty Li
350 South Grand Ave., Suite 2100
Los Angeles, CA 90071
Telephone:    (213) 443-5300
Facsimile:    (213) 443-5400
randall.lee@wilmerhale.com
jessica.kurzban@wilmerhale.com
patty.li@wilmerhale.com

WILMER CUTLER PICKERING
  HALE & DORR LLP
    Chris Johnstone
    Alanna G. Buchanan
950 Page Mill Road
Palo Alto, California 94304
Telephone:    (650) 858-6000
Facsimile:    (650) 858-6100
alanna.buchanan@wilmerhale.com
joel.fleming@wilmerhale.com

WILMER CUTLER PICKERING
  HALE & DORR LLP
    John A. Valentine
    April N. Williams
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone:    (202) 663-6000
Facsimile:    (202) 663-6363
john.valentine@wilmerhale.com

MILBANK, TWEED, HADLEY &
  MCCLOY LLP
    Thomas A. Arena
1 Chase Manhattan Plaza
New York, NY 10005
Telephone:    (212) 530-5000
Facsimile:    (212) 530-5219
tarena@milbank.com

11

MILBANK, TWEED, HADLEY &
 MCCLOY LLP
        Jerry L. Marks
        Robert J. Liubicic
        Alisa Schlesinger
        Elena Kilberg
        Paul M. Torres
601 S. Figueroa Street, 30th Floor
Los Angeles, CA  90017
Telephone:    (213) 892-4000
Facsimile:    (213) 629-5063
jmarks@milbank.com
rliubicic@milbank.com
aschlesinger@milbank.com
ekilberg@milbank.com
ptorres@milbank.com

In addition, a copy of the foregoing pleading was served by first-class mail on the

following counsel for non-Party KPMG, LLP this 25th day of January, 2013:

| | |
|---|---|
| KELEHER & MCLEOD, P.A. | HOGAN LOVELLS US LLP |
| W. Spencer Reid | George A. Salter |
| 201 Third Street, NW, 12th Floor | Peter Dennin |
| Albuquerque, NM  87102 | 875 Third Avenue |
| | New York, NY  10022 |

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By ____/s/ Melanie B. Stambaugh_____
        Melanie B. Stambaugh