# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

                vs.                CIVIL NO. 12-257 (JB-LFG)

LARRY A. GOLDSTONE,

CLARENCE G. SIMMONS, III, and

JANE E. STARRETT,

        Defendants.

**DECLARATION OF STEPHEN MCKENNA IN SUPPORT OF PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER TO QUASH DEFENDANTS' NOTICE OF 30(B)(6) DEPOSITION AND SECOND AND THIRD REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

I, Stephen McKenna, declare as follows.

    1.    I am an attorney duly licensed to practice in the State of Colorado, and was duly admitted and qualified to practice as an attorney in the United States District Court for the District of New Mexico on March 27, 2012.

    2.    I am an attorney employed by the Plaintiff Securities and Exchange Commission. I have personal knowledge of the facts set forth below and if called as a witness would competently testify thereto.

    3.    The Citibank letter, Dkt. 37-7, was not shown to Cynthia Reinhart or Jennifer Hall in connection with their 2009 investigative testimony.

4. Attached hereto as Exhibit A is a true and correct copy of relevant pages from the deposition testimony of KPMG employee Cynthia Reinhart. Defendants counsel questioned Ms. Reinhart for a full seven hours at her deposition.

5. Attached hereto as Exhibit B is a true and correct copy of relevant pages from the deposition testimony of KPMG employee Jennifer Hall. Defendants counsel questioned Ms. Hall for over seven hours at her deposition.

6. Attached hereto as Exhibit C is a true and correct copy of relevant pages from the deposition testimony (rough transcript) of retired KPMG employee Clyde Womack. The SEC did not communicate with Mr. Womack regarding this matter prior to his deposition.

7. We have not yet received a copy of the transcript from KPMG employee John Taylor's deposition, taken on January 25, 2013, but the undersigned recalls that Mr. Taylor testified that the Citibank reservation of rights letter would have been a significant piece of information indicating that Thornburg was not liquid enough to meet the margin call. The SEC did not communicate with Mr. Taylor regarding this matter prior to his deposition.

8. Counsel for the SEC has spoken with several witnesses who indicated they have also spoken with counsel for Defendants, including one witness that is currently employed by Mr. Goldstone.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 28th day of January, 2013.

                                                                    s/Stephen McKenna
                                                                    Stephen McKenna
                                                                    Counsel for the Securities and Exchange Commission