Reinhart, Cynthia - Vol. 2 / Depo 12/20/2012 12:00:00 PM

250

```
1         IN THE UNITED STATES DISTRICT COURT
2           FOR THE DISTRICT OF NEW MEXICO
3    SECURITIES AND EXCHANGE COMMISSION,
4          Plaintiff,
5    vs.                NO: 12-257
6    LARRY A. GOLDSTONE,
     CLARENCE G. SIMMONS, III,
7    and JANE E. STARRETT,
8          Defendants.
9
10             VOLUME 2
11      DEPOSITION OF CYNTHIA REINHART
           December 20, 2012
12             9:09 a.m.
        201 Third Street, Northwest, Suite 2200
13         Albuquerque, New Mexico
14
        PURSUANT TO THE FEDERAL RULES OF CIVIL
15   PROCEDURE, this deposition was:
16   TAKEN BY: MR. JERRY MARKS Attorney for the Defendant
     Starrett
17
18
19
20
21   REPORTED BY:  Jennifer Bean, FAPR, RDR-RMR CCR #94
22
23
24   Job No.: 55244
25
```

251

```
1              APPEARANCES
2    For the SEC:
3      MR. GREGORY A. KASPER
       MR. STEPHEN C. McKENNA
4      United States Securities and Exchange Commission
       1801 California Street
5      Denver, CO  80202
6
     For the Defendants Goldstone and Simmons:
7
       MR. RANDALL R. LEE
8      MS. JESSICA FREIHEIT KURZBAN (via telephone)
       MR. JOHN A. VALENTINE (via telephone)
9      WILMERHALE
       350 S. Grand Avenue
10     Los Angeles, CA  90071
11
     For the Defendant Starrett:
12
       MR. JERRY L. MARKS
13     MR. ROBERT J. LIUBICIC
       MS. ELENA KILBERG (via telephone)
14     MILBANK TWEED HADLEY & McCLOY
       601 South Figueroa Street
15     Los Angeles, CA  90017
16
     For KPMG:
17
       MR. GEORGE A. SALTER
18     MR. PETER J. DENNIN
       HOGAN LOVELLS
19     875 Third Avenue
       New York, NY  10022
20
       MR. STEVEN E. GALLOTTA
21     MR. JOSEPH F. WARGANZ
       KPMG
22     919 Third Avenue
       New York, NY  10022
23
     Also Present:  Mr. David Brown, Videographer
24
25
```

333

1  it's open-ended, it is worded in such a way that
2  Citibank is reserving its rights, we would have
3  required the company to communicate with Citibank and
4  obtain a full and unequivocable (sic) waiver to
5  ensure that Citibank did not declare an event of
6  default that would impact the financial statements
7  and our auditor's report.
8      Q.  And you've had an opportunity to review the
9  letter that's page 2 of Exhibit 98, is that right?
10     A.  Yes.
11     Q.  Can you tell me what you understand the
12 letter to convey?
13     A.  It's a letter from Citibank to Mr.
14 Goldstone and Mr. Simmons and Nate Fellers -- Mr.
15 Fellers -- that is memorializing a conversation, and
16 expressly telling the company that it has failed to
17 perform its obligations under the agreements between
18 Citibank and the company.  And so, therefore,
19 Citibank is now telling the company that it has a
20 right to declare an event of default.  And that any
21 forbearance on their part up to this point shouldn't
22 be construed as waiving any provision in the
23 agreement.
24     Q.  As you sit here today, do you believe that
25 knowledge of this letter would have had any impact on

334

1  the going concern analysis conducted by KPMG during
2  the course of the 2007 audit?
3      A.  Yes.
4      Q.  And what impact do you believe it would
5  have had on that analysis?
6      A.  Well, sitting here today, it specifically
7  is communicating that the company was not meeting its
8  margin calls on a timely basis.  And that factor
9  would need to be considered by the company in its
10 analysis, and documented and evaluated, and at
11 certainly a minimum concluded upon by the company and
12 by KPMG.
13         MR. LIUBICIC:  Objection; move to strike
14 the answer as nonresponsive.
15     Q.  As you sit here today, do you believe that
16 it's possible that it would have -- that the
17 knowledge of this letter during the course of the
18 2007 audit would have caused KPMG to reach a
19 different conclusion regarding going concern?
20         MR. LEE:  Objection; objection to form.
21     A.  Yes.
22     Q.  You know, as you sit here today, other than
23 as it affects the OTTI and going concern analyses,
24 what, if any, concerns does Thornburg's failure to
25 provide this letter to KPMG during the course of the

335

1  2007 audit raise?
2          MR. LEE:  Objection to form.
3      A.  Sitting here today, knowing that this
4  letter was not provided to us, it does raise doubts
5  in my mind about the -- management's ethics and
6  integrity with respect to its dealings with us as the
7  external auditors.
8      Q.  Other than being -- strike that.
9          You can put that away.
10         Ms. Reinhart, I'm now going to hand you
11 what's been previously marked as Exhibit 97.  Can you
12 take a look at that document?
13     A.  Yes.
14     Q.  Have you seen this document before?
15     A.  Yes.
16     Q.  When did you first see it?
17     A   In 2009, September perhaps.
18     Q.  And did you see it during the course of the
19 KPMG's 2007 audit work?
20     A.  No.
21     Q.  What about during the restatement period?
22     A.  No.
23     Q.  Have you had an opportunity to look at the
24 document?
25     A.  Yes.