Hall, Jennifer Lynne / Depo Vol. 2  12/6/2012  9:01:00 AM

280

```
1           JENNIFER L. HALL
2       IN THE UNITED STATES DISTRICT COURT
3         FOR THE DISTRICT OF NEW MEXICO
4        CASE NUMBER: 1:12-cv-00257-JB-LFG
5    - - - - - - - - - - - - - - X
6    SECURITIES AND EXCHANGE    :
7    COMMISSION,                :
8        Plaintiff,             :
9    v.                         :
10   LARRY A. GOLDSTONE, CLARENCE :
11   G. SIMMONS, III, and JANE   :
12   E. STARRETT,                :
13       Defendants.             :
14   - - - - - - - - - - - - - - X
15              VOLUME II
16   Video deposition of JENNIFER L. HALL
17   (Taken by Defendants, Larry A. Goldstone
18      and Clarence G. Simmons, III)
19         Charlotte, North Carolina
20            December 6, 2012
21
22   Job Number:   55246
23   Reported by:  Andrea Nobrega
24           Court Reporter
25           Notary Public
```

281

```
1           JENNIFER L. HALL
2    APPEARANCE OF COUNSEL:
3    For the Plaintiff:
4      STEPHEN C. MCKENNA, Esq.
       GREGORY A. KASPER, Esq.
5      United Sates Securities And Exchange
       Commission
6      1801 California Street
       Denver, Colorado  80202
7
8
9    For the Defendants: (Larry A. Goldstone and
     Clarence G. Simmons, III)
10
       RANDALL LEE, Esq.
11     LAUREN YATES, Esq.
       JESSICA KURZBAN, Esq. (Remotely)
12     JOHN VALENTINE, Esq. (Remotely)
       WilmerHale
13     350 South Grand Avenue
       Los Angeles, California  90071
14
15
16
     For the Defendant: (Jane E. Starrett)
17
       ALISA SCHLESINGER, Esq.
18     ROBERT J. LIUBICIC, Esq. (Remotely)
       Milbank Tweed Hadley & McCloy
19     601 South Figueroa Street
       Los Angeles, California  90017
20
21
22
23
24
25
```

Hall, Jennifer Lynne / Depo Vol. 2   12/6/2012   9:01:00 AM

314

1     JENNIFER L. HALL
2  questions. I don't specifically remember if we
3  asked that exact question of him or not.
4     Q. And Ms. Hall, how would this -- how
5  would this Citi letter notifying Thornburg that it
6  was in breach and that Citi had the right to
7  declare an event of default, how would that have
8  impacted your other than temporary impairment
9  analysis?
10     MR. LEE: Objection to form.
11     THE WITNESS: It's an indicator that the
12  company is not in a position where it has the
13  ability to meet its obligations, which raises
14  questions as to whether they have the ability to
15  hold their assets, which would be a significant
16  factor for the OTTI analysis.
17     BY MR. MCKENNA:
18     Q. And how about the going concern
19  analysis, how would this letter impact your going
20  concern analysis?
21     MR. LEE: Objection.
22     THE WITNESS: In the same way. It's a
23  significant factor and indicator that the company
24  was not able to meet its obligations as they come
25  due.

315

1     JENNIFER L. HALL
2     BY MR. MCKENNA:
3     Q. And Ms. Hall, would it be inconsistent
4  to say that Thornburg had the intent and ability
5  to hold its purchased ARM assets in late 2008,
6  given the breach declared in the Citi reservation
7  of rights letter?
8     MR. LEE: Objection to form.
9     MR. MCKENNA: You can answer.
10     THE WITNESS: Yes, it's inconsistent.
11     BY MR. MCKENNA:
12     Q. And would it be inconsistent to say that
13  Thornburg had the intent and ability to hold its
14  purchased ARM assets in this period if Thornburg
15  had breached other repo agreements, such that the
16  lender had the right to seize and sell the assets
17  it held as collateral?
18     MR. LEE: Objection to form.
19     THE WITNESS: Yes, it's inconsistent.
20     BY MR. MCKENNA:
21     Q. Did you ask Mr. Goldstone questions
22  during the restatement that you believe should
23  have caused him to show you this letter?
24     A. I don't remember specific conversations
25  with Mr. Goldstone during the restatement.