IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 1:12-cv-00257-JB-LFG ) |
| LARRY GOLDSTONE, CLARENCE G. SIMMONS, III, and JANE STARRETT, | ) ) ) ) |
| Defendants. | ) ) |

**KPMG LLP'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO INTERVENE**

I.       **Preliminary Statement.**

Having dragged KPMG into this case – first through a wide-ranging document subpoena specifically targeting privileged information, then through efforts to obtain that same information from the SEC, and finally through continuing efforts to ask KPMG witnesses about privileged matters during more than eight days of deposition testimony of KPMG personnel to date – Defendants now have the audacity to argue that KPMG is not entitled to intervene for the limited purpose of protecting the privilege conferred on it by 15 U.S.C. § 7215(b)(5)(A). Doc. 134 ("Def. Opp."). Defendants do not dispute that most of the requirements for intervention as of right are met, Def. Opp. at 5, but argue principally that KPMG's interest in asserting the privilege is adequately represented by the SEC. *Id*.

Defendants' position is unsupported by the facts of this case, and has been consistently rejected by the case law, in the Tenth Circuit and around the country. The crux of Defendants' argument is that because the SEC, to its credit, has asserted the Section 105 Privilege in response to Defendants' Motion to Compel, the SEC necessarily adequately represents KPMG's interests in preserving the privilege. But Defendants concede that KPMG has taken different positions from the SEC on several issues regarding application of the privilege and interpretation of the statute. *See* Def. Opp. at 3, 6. These differences in position are the direct result of the fact that the interests of KPMG and the SEC in invoking the Section 105 Privilege are very different. KPMG and its personnel are the privilege holders here: it is their privacy and professional reputations that are at stake, and it is they who will suffer the consequences if, contrary to the intent of Congress, protected information is disclosed. The SEC's interests are simultaneously much broader and less compelling than KPMG's specific interest in maintaining the privilege.

1

While the SEC has a statutory obligation to protect the privilege, the SEC also has much broader public interests that it must take into account, both in the handling of this case and in pursuing the public interest generally.

Defendants also contend that intervention should be denied because counsel for KPMG can continue to assert the Section 105 Privilege in future depositions, Def. Opp. at 1, but the ability to participate in depositions provides KPMG no opportunity to object to the disclosure of privileged information that Defendants seek from the SEC here, and KPMG's right to participate in the court proceedings on Defendants' Motion to Compel the SEC is precisely the reason for this Motion to Intervene.

Defendants also contend that KPMG's concerns will be adequately protected by a protective order they apparently plan to propose, Def. Opp. at 1, but Section 105 precludes disclosure of protected information to anyone, including Defendants, and a protective order would do nothing to prevent improper release of privileged information to Defendants.

Accordingly, as explained in greater detail below, KPMG respectfully submits that its Motion to Intervene should be granted.

## II. The SEC Does Not Adequately Represent KPMG's Interests, and Intervention as of Right Should Be Granted.

In its Motion, KPMG demonstrated that the SEC does not adequately represent KPMG's interests in assertion of the Section 105 Privilege because the SEC and KPMG have different interests in this litigation and, as a result, have taken different positions on the scope and application of Section 105. Doc. 125 ("KPMG Mtn.") at 6-9. Defendants do not dispute that under settled Tenth Circuit law, the mere "possibility" of divergent interests is enough to satisfy a proposed intervenor's "minimal" burden to demonstrate that the "representation [of an existing

2

party] 'may' be inadequate." *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1254 (10th Cir. 2001); *accord W. Res., Inc. v. Union Pac. R.R. Co.*, No. 00-2043-CM, 2001 WL 1718370, at *4 (D. Kan. Sept. 12, 2001). As a result, Defendants are forced to argue that, because the SEC has also asserted the Section 105 Privilege, KPMG's interests and the SEC's interests are "identical." Def. Opp. at 5 (quoting *Oklahoma v. Ozarks Rural Elec. Coop. Corp.*, 79 F.3d 1038, 1042 (10th Cir. 1996)).

Defendants' argument is baseless. It ignores the fact that it is KPMG and its personnel, not the SEC, who hold the Section 105 Privilege, and that the privilege is intended to protect information concerning KPMG and its professionals, not the SEC. It is thus KPMG, not the SEC, who will be most affected by the Court's ruling, and this alone provides a sufficient basis for permitting intervention. *See B. Fernandez & Hnos., Inc. v. Kellogg USA, Inc.*, 440 F.3d 541, 547 (1st Cir. 2006) ("The potential for this litigation to have a greater adverse impact on Kellogg Caribbean is a sufficient basis for concluding that Kellogg USA may not serve as an adequate proxy.") (citations omitted). In contrast, while the SEC has a statutory obligation to protect the privilege, the SEC will not be personally affected by an order directing the disclosure of protected information. And the SEC has broader public interests at stake, including its desire to pursue this enforcement action, which could affect the zealousness with which it is prepared to protect the privilege and its willingness to appeal any adverse ruling. As a result, it is unreasonable to expect the SEC to protect the privilege to the same extent as KPMG – the SEC's interest in protecting the privilege is different in both kind and degree than KPMG's. *See id.* ("One way for the intervenor to show inadequate representation is to demonstrate that its interests are sufficiently different in kind or degree from those of the named party.").

Indeed, both the Court and the parties implicitly acknowledged KPMG's legitimate interest in participating in litigation over the Section 105 Privilege, and the fact that the SEC could not adequately represent its interests, when KPMG was permitted to participate, without objection, in the Court's November 9, 2012, telephone conference on these issues.

To escape the commonsense conclusion that KPMG and SEC have divergent interests and that the SEC's representation may thus be inadequate, Defendants make a series of frivolous arguments. First, relying on an unpublished *per curiam* opinion from the First Circuit, Defendants assert that differences in legal argument alone cannot constitute inadequate representation. Def. Opp. at 6 (citing *Walgreen Co. v. Feliciano De Melecio*, 6 F. App'x 27, 29 (1st Cir. 2001) (unpublished)). This is not a correct statement of the law, in the First Circuit or anywhere else; on the contrary, it is well settled that the fact that KPMG has advanced different legal arguments than the SEC is persuasive and supports granting KPMG's Motion to Intervene. *See B. Fernandez & Hnos.*, 440 F.3d at 546-47 (subsequent First Circuit decision, granting intervention where claim of inadequate representation was supported by fact that "the arguments [proposed intervenor] would emphasize are different from those that Kellogg USA has pressed and will press"); *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001) ("In determining whether a would-be intervenor's interests will be adequately represented by an existing party, courts consider: (1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any

necessary elements to the proceedings that other parties would neglect.") (quotation and citation omitted).[1]

Moreover, KPMG has not simply advanced different legal arguments than the SEC, *see* KPMG Mtn. at 8 – KPMG has taken substantively different legal positions from the SEC on the scope of the Section 105 Privilege and whether it can be waived by the SEC, and these differences in legal positions are the result of the divergent interests that KPMG and the SEC have. In these circumstances, there is no question that intervention is appropriate. *See Southwest Ctr.*, 268 F.3d at 824 ("It is sufficient for Applicants to show that, because of the difference in interests, it is likely that Defendants will not advance the same arguments as Applicants."); *Cal. Valley Miwok Tribe v. Salazar*, 281 F.R.D. 43, 48 (D.D.C. 2012) ("A difference in litigation strategies does not always demonstrate an insufficiently coterminous relationship between a potential intervenor and an existing party. Here, however, the divergence highlights that the proposed intervenor's conceptualization of the action . . . is not shared by the defendants.").

Such a divergence of interests is common when the would-be intervenor is forced to rely on the government. As the Tenth Circuit has explained, "the government's representation of the public interest generally cannot be assumed to be identical to the individual parochial interest of a particular member of the public merely because both entities occupy the same posture in the litigation." *Utah Ass'n of Counties*, 255 F.3d at 1255-56. "In litigating on behalf of the general public, the government is obligated to consider a broad spectrum of views, many of which may

---

[1] Besides being an unpublished and non-precedential opinion, *Walgreen* is also entitled to little weight on this point because its statement that the proposed intervenor's interests were adequately represented was dicta. The court's holding was that the would-be intervenor lacked any interest in the action. *See Walgreen*, 6 F. App'x at 28-29 (concluding that appellants lacked a "protectable right").

conflict with the particular interest of the would-be intervenor." *Id.* at 1256. For that reason, the Tenth Circuit has regularly rejected arguments that representation is adequate when the government and would-be intervenor assert similar interests. *See, e.g., WildEarth Guardians v. U.S. Forest Serv.*, 573 F.3d 992, 997 (10th Cir. 2009) ("[T]he intervenor's showing is easily made when the party upon which the intervenor must rely is the government . . . .") (quotation and citation omitted); *Utah Ass'n of Counties*, 255 F.3d at 1254-55 (collecting cases).[2]

Defendants claim that this well-established line of cases stretching across circuits is inapplicable because thus far the SEC has asserted the Section 105 Privilege. Def. Opp. at 7-8. But the cases on which Defendants rely expressly rejected that very argument, and concluded that intervention was appropriate because the government's position <u>could</u> change. *See Utah Ass'n of Counties*, 255 F.3d at 1256 ("Plaintiffs also maintain that, given the government's past conduct in this litigation, there is nothing to indicate it will not continue to vigorously represent the interest of the intervenors . . .  However, it is not realistic to assume that the agency's programs will remain static or unaffected by unanticipated policy shifts.") (quotation and citation omitted); *see also WildEarth Guardians*, 573 F.3d at 997 (concluding that representation would

---

[2] The same is true in other Circuits. *See, e.g., Southwest Ctr.*, 268 F.3d at 823-24 ("The interests of government and the private sector may diverge. On some issues Applicants will have to express their own unique private perspectives and in essence carry forward their own interests . . . ."); *Sierra Club v. Espy*, 18 F.3d 1202, 1207-08 (5th Cir. 1994) ("Plaintiffs contend that the government adequately represents the movants' interest because the interests are essentially identical. We cannot agree with this position. . . . The government must represent the broad public interest, not just the economic concerns of the timber industry."); *Salazar*, 281 F.R.D. at 47 (D.D.C. 2012) ("In addition, the Circuit has expressed skepticism that United States governmental entities, with their unique obligations to serve the general public, can be found to adequately represent the interests of potential intervenors. . . . That skepticism is warranted here.").

be inadequate and observing that "we have recognized that the government policy may shift.") (emphasis added).

Moreover, as the courts have recognized, the likelihood that the SEC would not adequately represent KPMG's interests in maintaining the Section 105 Privilege is especially high should the Court order production of the PCAOB transcripts, since KPMG and the SEC would have very different interests in considering an interlocutory appeal. *See United States v. Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1294 (D.C. Cir. 1980) ("We find the divergence of interests for purposes of appeal even more clear in the present case, since the United States cannot readily pursue its interest in expeditious prosecution of the antitrust suit against AT&T unless it forgoes what might well appear to be a lengthy appeal process to vindicate MCI's claimed privilege. In contrast, MCI has a much stronger interest in the protection of its work product and does not share the Government's interest in expedition."). In view of the divergence between KPMG's overriding and exclusive interest in maintaining the Section 105 Privilege and the SEC's likely interest in prosecuting its case, the probability that KPMG and the SEC will have different appellate strategies is another factor warranting intervention.

Defendants also claim that the "Court should not allow KPMG to intervene for the purpose of relitigating an issue that has already been decided." Def. Opp. at 7 (citing *Sierra Club v. Espy*, 18 F.3d 1202, 1206 n.3 (5th Cir. 1994) (allowing intervention because plaintiffs would suffer no prejudice)).[3] But KPMG is not seeking to relitigate issues already decided. As the transcript to the November 9, 2012, hearing makes clear, the Court did not rule on the

---

[3] *Sierra Club* relied on the rule that an "intervenor has no right to relitigate issues already decided" in assessing the timeliness of the would-be intervenors' motion. 18 F.3d at 1206 & n.3. It concluded that the motion was timely and allowed intervention. Because Defendants do not dispute the timeliness of KPMG's motion, *Sierra Club's* principle is inapplicable here.

7

meaning of "public proceeding" in Section 105, or many of the other arguments raised by KPMG in its briefing. *See generally* Doc. 98-2 (hearing transcript). To the extent the Court indicated an initial inclination to order the PCAOB transcripts disclosed if the SEC had relied on them, the Court was addressing the issue, at Defendants' insistence, on a purported "emergency" basis, without notice to KPMG or the benefit of briefing. In these circumstances, even if the Court made an initial ruling during the telephone conference, the Court would be free to revisit the issue under Rule 54(b). Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment . . . ."). Finally, Defendants concede that their Motion to Compel raises additional issues not addressed at the November 9, 2012 hearing. Def. Opp. at 3 n.3. KPMG is entitled to intervene to address those issues and to protect its interest in this litigation.

Finally, Defendants suggest again that a protective order would allow KPMG "to effectuate the purpose of the privilege by preventing disclosure of PCAOB-related information to non-participants in this litigation." Def. Opp. at 10. That is not so. The purpose of the Section 105 Privilege is to make investigation-related information privileged and confidential and to protect it from disclosure to litigants "in any proceeding in any Federal or State Court," including SEC civil lawsuits against management of former audit clients. 15 U.S.C. § 7215. Disclosure – including disclosure to Defendants[4] – is thus the very harm that the statute is intended to protect

---

[4] Defendants repeat their argument that they are "not the type of 'outsiders' from whom Congress intended to shield PCAOB materials." Def. Opp. at 10 n.5. For the reasons set forth in KPMG's Opposition to Defendants' Motion to Compel, that argument is meritless. Doc. 99 at 7-9.

against.  A protective order that permits disclosure to Defendants is therefore inadequate to preserve the Section 105 Privilege.[5]

### III. Permissive Intervention Is Warranted.

The same reasons supporting KPMG's motion for intervention of right also support a finding that permissive intervention is appropriate under Fed. R. Civ. P. 24(b)(1)(B).  By their own admission, Defendants' opposition to KPMG's motion for permissive intervention is largely duplicative of their opposition to KPMG's motion for intervention of right, Def. Opp. at 8, and therefore the points noted above are equally applicable to permissive intervention.

Defendants claim that they will be prejudiced if KPMG's intervention is granted, but their claims of prejudice are insubstantial.  Defendants' Motion to Compel is fully briefed and set for oral argument on Wednesday, January 30, and there is no reason to believe that KPMG's participation will delay a Court ruling.  Indeed, the only concrete example of "prejudice" they identify is being "forced to prepare a separate reply brief addressing KPMG's arguments." Def. Opp. at 9.  Because that brief is complete and filed, the prejudice is unrelated to KPMG's pending Motion to Intervene and, in any event, would not be basis for denying intervention.  The only issue that could arise about possible delay would come from the likelihood that KPMG would seek to appeal an adverse ruling in a situation where the SEC would not seek to appeal – but this possibility is precisely why the interests of KPMG and the SEC diverge and why intervention is appropriate here.

Finally, Defendants claim that "KPMG is unlikely to suffer any prejudice from being denied intervenor status" because its counsel will represent KPMG witnesses at depositions.

---

[5]  In any event, to KPMG's knowledge, the parties have not yet agreed on a protective order, or even begun to exchange drafts, so Defendants' suggestion is speculative and premature.

9

Def. Opp. at 9. But if Defendants are able to obtain KPMG's privileged information from the SEC, KPMG will be highly prejudiced because the information it seeks to protect will have been disclosed. *See, e.g., In re Sealed Case,* 237 F.3d 657, 664 (D.C. Cir. 2001) ("Once the information included in the FEC's subpoena enforcement action is released, 'the cat is out of the bag,' and Appellants' statutorily guaranteed confidentiality would be forever lost."). It is for precisely that reason that KPMG should be allowed to intervene.

## IV.    Conclusion.

For the reasons set forth above, in addition to those set forth in KPMG's Motion, KPMG respectfully requests that the Court grant KPMG's Motion to Intervene.

Dated: January 28, 2013

    Respectfully submitted,

    KELEHER & MCLEOD, P.A.

    By: __/s/ W. Spencer Reid_____
        W. Spencer Reid

        Albuquerque Plaza
        201 Third Street NW
        12th Floor
        Albuquerque, New Mexico 87102
        Tel.: (505) 346-4646
        Fax: (505) 346-1370

    HOGAN LOVELLS US LLP

    By: __/s/ George A. Salter_____
        George A. Salter
        Peter Dennin

        875 Third Avenue
        New York, New York 10022
        (212) 918-3000

    *Attorneys for Non-Party KPMG LLP*

**CERTIFICATE OF SERVICE**

    I, W. Spencer Reid, hereby certify that on January 28, 2013, I filed the foregoing document electronically through the CM/ECF System, which caused all counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

                                                                                        */S/ W. Spencer Reid*
                                                                                          W. Spencer Reid