IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

vs.                                                                 CIVIL NO. 12-257 (JB-LFG )

LARRY A. GOLDSTONE,
CLARENCE G. SIMMONS, III, and
JANE E. STARRETT,

        Defendants.

**PLAINTIFF'S MOTION TO COMPEL
ADDITIONAL TESTIMONY FROM DEFENDANT JANE STARRETT**

Plaintiff moves pursuant to Federal Rule of Civil Procedure 37(a)(3)(B)(i) and D.N.M.LR-Civ. 7 and 37.1 to compel further deposition testimony from Defendant Jane Starrett regarding Investigative Exhibit 71. Pursuant to D.N.M.LR-Civ. 7.1(a), counsel for Plaintiff conferred in good faith with Ms. Starrett's counsel and determined that Ms. Starrett opposes this motion.

**PRELIMINARY STATEMENT**

At Ms. Starrett's recent deposition, her counsel improperly instructed her not to answer questions regarding a critically important document. To avoid having Ms. Starrett provide testimony about this incriminating document, counsel indicated that he "believe[d] a privilege attaches" to the document and, on that basis, felt "an obligation not to allow Ms. Starrett to

1

testify as to privileged communications." (Ex. A at 139:15-140:14.[1]) However, it is undisputed, and was known at the time of Ms. Starrett's deposition, that a) Ms. Starrett has no claim of privilege over this document, b) the document was intentionally produced to the Commission by Thornburg, and c) the Thornburg bankruptcy trustee had stated, in writing, to the Commission prior to the deposition, that "I am not asserting privilege in the document at this time" (Ex. B at 2).

That Ms. Starrett's counsel may "believe" that the Thornburg bankruptcy trustee had a claim of privilege over the document is entirely immaterial. Indeed, even if Ms. Starrett's counsel is correct that the Thornburg bankruptcy trustee had a valid claim of privilege over the document, the *Thornburg bankruptcy trustee's* unasserted claim of privilege is not a basis for *Ms. Starrett* failing to provide testimony. This is particularly true where, as here, counsel was presented with undisputed evidence that the Thornburg bankruptcy trustee – an experienced attorney fully capable of making privilege determinations – was not asserting any privilege over the document at the time the testimony was sought. The attorney-client privilege is for the benefit of the client, and the client is the only one who can assert the privilege. Ms. Starrett's view of the privilege is not a basis to refuse to provide testimony.

Let there be no mistake: this has nothing to do with seeking to protect a privilege. Indeed, when to their liking, Defendants have been exceedingly cavalier about claims of privilege. Defendants have shown no hesitation in using documents that, on their face, state they are "Privileged and Confidential," (*see* Dkt #90-2, Kasper Decl. ¶ 7) and, when told that these documents were subject to a claim of privilege and inadvertently produced, refused to return

---

[1] All citations to "Ex. __" refer to the exhibits attached to the Declaration of Gregory A. Kasper in Support of Plaintiff Securities and Exchange Commission's Motion to Compel Additional Testimony from Defendant Jane Starrett ("Kasper Decl.").

them "absent a court order" (*see* Ex. C.) Rather, Ms. Starrett is attempting to hide behind a privilege that she does not possess to avoid providing testimony about a difficult document. This should not be permitted. Ms. Starrett should be compelled to answer questions about this document.

## FACTUAL BACKGROUND

On February 19, 2013, Plaintiff took the deposition of Defendant Jane Starrett. (*See* Ex. A.) During the course of that deposition, Plaintiff sought to ask Ms. Starrett questions regarding a February 26, 2008, email from Ms. Starrett to Sheri Fox, Thornburg's outside counsel, which copied Defendant Clarence Simmons.[2] (Ex. A at 139:7-15.) Counsel for Ms. Starrett instructed her not to answer any questions related to that document. (Ex. A at 139:7-15; 140: 12-14.) Plaintiff considers this document to be critical to its case as it goes to central issues in the litigation.[3]

Investigative Exhibit 71 was produced to the Commission by Thornburg in connection with the Commission's investigation that led to this matter, and was provided to Defendants by the Commission. To the extent that the document is a privileged attorney-client communication, the privilege now belongs to the Thornburg bankruptcy trustee. Indeed, Ms. Starrett's counsel conceded on the record that he "assum[ed] . . . the holder of the privilege [is] Mr. Sher." (Ex. A 139: 21-22.) Joel Sher, a partner at the firm Shapiro Sher Guinot & Sanderl, is the Thornburg

---

[2] That email had been previously marked as Government Exhibit 71 during the Commission's investigation that led to this litigation, and will be referred to herein as "Investigative Exhibit 71." (*See* Ex. A at 139:7-14.)

[3] As we explain below, Plaintiff properly has a copy of Investigative Exhibit 71, there has been no valid claim of privilege made over it and, accordingly, there is no prohibition on Plaintiff using this document in any fashion. However, out of an abundance of caution, Plaintiff has not attached the email to this filing. If the Court would like to review a copy, Plaintiff will make the document available.

bankruptcy trustee.  (*See* Ex. D (*In re TMST, Inc., f/k/a, Thornburg Mortgage, Inc., et al.*, Case No. 09-17787-DWK (Bankr. D. Md. Oct. 28, 2009), Order Approving Appointment of Joel I. Sher as Chapter 11 Trustee).)

At no time, has Mr. Sher made any claim that this document is privileged.  To the contrary, Mr. Sher has repeatedly confirmed that he does not assert a claim of privilege over Investigative Exhibit 71.  Well prior to Ms. Starrett's deposition, in response to questions from counsel for Plaintiff, Mr. Sher stated that he did not have a claim of privilege over Investigative Exhibit 71 and cited specific legal authority for that conclusion.  (*See* Ex. B at 2.)

Counsel for Plaintiff confirmed that Mr. Sher did not claim privilege over the document shortly prior to Ms. Starrett's deposition.  Despite the document having been produced to Plaintiff, Mr. Sher never having sought its return, and Mr. Sher's prior assurance that he had no claim of privilege over the document, Plaintiff sent an email to Mr. Sher specifically to confirm that he was not asserting a privilege over Investigative Exhibit 71 on January 10, 2013, the week prior to when Ms. Starrett's deposition was scheduled to take place.[4]  (Ex. B at 2-3.) Recognizing the significance of the email and intending to question Ms. Starrett regarding it, Plaintiff sought this written confirmation in an abundance of caution and in an effort to prevent just the sort of improper instruction that has necessitated this motion.  Mr. Sher replied: "I am not asserting privilege in the document at this time.  I do however reserve the right to assert privilege if other facts come to my attention which change my view." (Ex. B at 2.)  This email was read to counsel for Defendants at Ms. Starrett's deposition.  (Ex. A at 140:15-141:1.)

---

[4]   Ms. Starrett's deposition was subsequently adjourned to February 19, 2013 at the request of her counsel.

4

Following Ms. Starrett's deposition and counsel's improper instruction, counsel for Plaintiff, again, asked Mr. Sher to confirm that he is not claiming privilege over the document. (Ex. B at 1-2.)  Mr. Sher again confirmed his position:

> As noted in my email of January 14, 2013, I believe that the February 26, 2008 email between Ms. Starrett and Ms. Fox is not a privileged communication based upon *In re Grand Jury Proceedings, Thursday Special Grand Jury Sept. Term, 1991*, 33 F.3d 342 (4th Cir. 1994).  Based upon that authority ***I am not claiming that document to be a privileged communication***.  However, in stating this I am not waiving, either specifically or generally, any attorney client privilege, work product doctrine rights or any other privilege that either I or TMST, Inc. and its affiliates or subsidiaries has.  In speaking with Ms. Starrett's attorney today he advised me that he is not certain if 4th Circuit law applies to the question of privilege with respect to this email.  Therefore I confirmed to him that if the Court later determines that the document is a privileged communication because, *inter alia, In Re Grand Jury* is not applicable, I am not waiving that or any other privilege.  Hopefully this confirms my prior email, albeit in a more precise fashion.

(Ex. B at 1 (emphasis added).)  The entire email exchange was provided to counsel for Defendants.  (*See* Ex. B.)

### ARGUMENT

**I.    Ms. Starrett Has No Claim of Privilege Over Investigative Exhibit 71 and Should be Compelled to Provide Testimony Regarding the Document.**

Federal Rule of Civil Procedure 37(a)(3)(B)(i) permits a party seeking discovery to move for an order compelling an answer where a "deponent fails to answer a question asked under Rule 30. . . ."  Here, Ms. Starrett refused to answer any questions regarding Investigative Exhibit 71 based upon an assertion of attorney-client privilege over that document that she plainly does not possess.  Accordingly, her refusal to answer questions regarding this document was improper, and the Court should order her deposition to be continued and specifically order her to answer questions regarding Investigative Exhibit 71.

As Your Honor has explained, "When a party asserts attorney-client privilege in response to a discovery request, it is the burden of the party invoking the attorney-client privilege to establish the applicability of that privilege, which is 'narrowly construed.'" *Harnett v. Papa John's Pizza, Inc.*, No. CIV 10-1105 JB/CG, 2012 WL 3860739, at *6 (D.N.M. Aug. 28, 2012) (Browning, J.) (citing *Foster v. Hill*, 188 F.3d 1259, 1264 (10th Cir. 1999)).  As Ms. Starrett possesses no privilege in Investigative Exhibit 71, that is a burden she cannot carry.

There can be no dispute that the Thornburg bankruptcy trustee, and not Ms. Starrett, possesses any attorney-client privilege that might exist over Investigative Exhibit 71.  Indeed, Ms. Starrett has never asserted that she has a claim of privilege over the document, and her counsel conceded on the record that he "assum[ed] . . . the holder of the privilege [is] Mr. Sher." (Ex. A 139: 21-22.)  There can equally be no dispute that the client is the possessor of the privilege, and the client or the client's representative alone can assert the attorney client privilege.  *Weinstein's Federal Evidence* explains that "[t]he privilege may be asserted by the client, the client's guardian or conservator, the personal representative of a deceased client, or the successor, trustee, or similar representative of a corporation, association, or other organization, whether or not the organization is in existence."  § 503.20[3]; *see also, e.g., United States v. Yielding*, 657 F.3d 688, 707 (8th Cir. 2011) ("The privilege belongs to and exists solely for the benefit of the client."); *B.H. ex. rel. Holder v. Gold Fields Mining Corp.*, 239 F.R.D. 652, 656 (N.D. Okl. 2005) ("The client is the holder of the attorney-client privilege and, therefore, must decide whether to claim it or waive it.")

Accordingly, even if Investigative Exhibit 71 were a privileged attorney-client communication, Ms. Starrett has no basis to assert that privilege and, accordingly, her refusal to testify was improper.  Plaintiff fully anticipates that Ms. Starrett will argue that Mr. Sher's

analysis was wrong, that his reliance on *In re Grand Jury Proceedings, Thursday Special Grand Jury Sept. Term, 1991*, 33 F.3d 342 (4th Cir. 1994), was misplaced, and that Investigative Exhibit 71 was a privileged attorney-client communication. However, whether the document was, in fact, privileged is irrelevant. While Ms. Starrett may disagree with Mr. Sher's judgment not to assert a claim of privilege over Investigative Exhibit 71, her judgment cannot supplant his. Simply, she should not be permitted to assert a privilege she does not have.

Courts have prohibited third parties from asserting the attorney-client privilege on behalf of others, as Ms. Starrett improperly did at her deposition. *Novak v. Capital Mgmt. & Dev. Corp.*, 241 F.R.D. 389 (D.D.C. 2007), is highly analogous. In that case, the Defendants objected to a subpoena served on a third-party insurance carrier. The Court noted:

> [T]hese Defendants could not challenge the subpoena on the grounds that it threatened the disclosure of information that was privileged because of the attorney-client relationship between the insurance carrier and its counsel or because it represented the work product of the insurance carrier's counsel. ***They have no standing to make such an objection. To make a legitimate claim of privilege the Defendants would have had to show some reason to believe that the subpoena threatened the disclosure of information that was protected by a privilege that these Defendants could claim***, such as a confidential communication between themselves and their counsel or the work product of their lawyers.

*Id.* at 394 (emphasis added). Likewise, in *United States v. Ferrell*, No. CR07-0066MJP, 2007 WL 2220213 (W.D. Wash. Aug. 1, 2007), another court reached the same conclusion. In that case, a Federal Aviation Administration employee sought to assert the attorney-client privilege over communications with FAA attorneys. *Id.* at *1. The court refused to allow the employee to assert an attorney-client privilege over those communications, noting that he "is not the true client, and therefore he may not personally invoke the privilege." *Id.* at *5. The same result is appropriate here: Ms. Starrett should not be allowed to assert a privilege she does not possess.

In addition, as a matter of fairness, it would be improper to exclude testimony on this one damaging-for-Ms. Starrett document. Thornburg produced many documents involving Ms. Fox (Kasper Decl. ¶ 8), and Defendants have made no effort to assert a privilege over any of those documents. To the contrary, the Defendants, on at least two occasions, introduced emails at depositions in this matter that included Ms. Fox or Ms. Fox and other counsel, former Thornburg employees or former Thornburg employees and Board members, and KPMG employees. (Kasper Decl. ¶ 9.) Ms. Starrett is not seeking to protect a valid privilege, she is seeking to purge incriminating evidence against her.

Plaintiff made every reasonable effort to determine that there was no claim of privilege over Investigative Exhibit 71 prior to Ms. Starrett's deposition, including securing a written statement from the holder of any privilege that might exist over the document. (*See* Ex. B at 2-3.) At the time of her refusal to testify regarding Investigative Exhibit 71, Ms. Starrett was aware that the document had been produced to Plaintiff, that the Thornburg bankruptcy trustee had made no claim of inadvertent production or privilege of any kind, and that the Thornburg bankruptcy trustee had specifically stated that he was "not asserting privilege in the document at this time." It is unclear what more Plaintiff could have done to secure this testimony. Ms. Starrett's assertion of privilege was improper and should not be permitted to stand.

## CONCLUSION

Plaintiff respectfully requests that the Court compel further deposition testimony from Defendant Jane Starrett regarding Investigative Exhibit 71.

DATED April 19, 2013

                                            s/ Gregory A. Kasper
                                            Stephen C. McKenna
                                            Gregory A. Kasper
                                            Dugan Bliss
                                            Attorneys for Plaintiff
                                            Securities and Exchange Commission
                                            1801 California Street, Suite 1500
                                            Denver, CO  80202
                                            Ph. (303) 844-1000
                                            email:
                                            mckennas@sec.gov
                                            kasperg@sec.gov
                                            blissd@sec.gov

## CERTIFICATE OF SERVICE

       I hereby certify that on April 19, 2013, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system that will send notification of such filing to all counsel of record.

Michael Hoses
Assistant United States Attorney
P.O. Box 607
Albuquerque, NM 87103
(505) 346-7274
E-mail: Michael.hoses@usdoj.gov
*Local Counsel for Plaintiff Securities and Exchange Commission*

Alanna G. Buchanan (alanna.buchanan@wilmerhale.com)
Joel Fleming (joel.fleming@wilmerhale.com)
Chris Johnstone (chris.johnstone@wilmerhale.com)
Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA 94304
Phone: (650) 858-6000
Fax: 650-858-6100

Randall R. Lee (Randall.lee@wilmerhale.com)
Jessica F. Kurzban (Jessica.kurzban@wilmerhale.com)
Peiyin Patty Li (Patty.li@wilmerhale.com)
Wilmer Cutler Pickering Hale and Dorr LLP
350 S. Grand Avenue, Suite 2100
Los Angeles, CA 90071
Phone: (213) 443-5360

John A. Valentine (john.valentine@wilmerhale.com)
Lauren R. Yates (lauren.yates@wilmerhale.com)
Michael A. Lamson (Michael.lamson@wilmerhale.com)
April N. Williams (April.Williams@wilmerhale.com)
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Ave., NW
Washington, DC 20006
Phone:  (202) 663-6000
Fax:  (202) 663-6363

*Attorneys for Defendant Larry Goldstone and Clarence Simmons, III*

Andrew G. Schultz (aschultz@rodey.com)
Bruce D. Hall (bhall@rodey.com)
Melanie B. Stambaugh
Rodey, Dickason, Sloan, Akin & Robb, P.A.
201 3rd Street NW, Suite 2200
P.O. Box 1888
Albuquerque, NM 87102
*Attorneys for Defendants Larry Goldstone, Jane E. Starrett and Clarence Simmons, III*


Jerry L. Marks (jmarks@milbank.com)
Alisa Schlesinger (aschlesinger@milbank.com)
Elena Kilberg (ekilberg@milbank.com)
Robert J. Liubicic (rliubicic@milbank.com)
Milbank, Tweed, Hadley & McCloy LLP
601 S. Figueroa Street, 30th Floor
Los Angeles, CA 90017
Phone (213) 892-4000
Fax: (213) 892-5063

Thomas Arena (tarena@milbank.com)
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005
Phone: (212) 530-5000
Fax: (212) 530-5219

*Attorneys for Defendant Jane Starrett*

                                                          s/ Gregory A. Kasper
                                                          Gregory A. Kasper