# Exhibit C

**Kasper, Gregory**

| | |
|---|---|
| **From:** | Liubicic, Robert <RLiubicic@milbank.com> |
| **Sent:** | Monday, December 10, 2012 4:33 PM |
| **To:** | McKenna, Stephen C.; Lee, Randall (Randall.Lee@wilmerhale.com); Kurzban, Jessica (Jessica.Kurzban@wilmerhale.com); Yates, Jessica (jyates@swlaw.com); Valentine, John (John.Valentine@wilmerhale.com); Marks, Jerry L.; Schlesinger, Alisa; Andy Schultz (ASchultz@rodey.com) |
| **Cc:** | Kasper, Gregory; Bliss, Dugan |
| **Subject:** | RE: SEC v. Goldstone, et al., inadvertently produced privileged documents |

Steve,

We do not intend to return to you any of the PCAOB questionnaires produced by the SEC absent a court order. To the extent any privilege existed as to these documents, that privilege has been waived by the SEC's introduction of these documents in prior SEC depositions and by the use of these materials in depositions in this matter without objection. We believe that returning these questionnaires is particularly unwarranted now given that the scope of the PCAOB privilege is currently before the court through Defendants' Motion to Compel Production of PCAOB Deposition Transcripts and Plaintiff's Notes and Memoranda of Interviews with Non-party Witnesses ("Defendants' Motion to Compel") (Doc. No. 90) and KPMG's Motion to Quash, in Part, or Modify Subpoena to Produce Documents, and for Protective Order (Docket No. 91). As a courtesy, we are willing to refile the Baucom questionnaire, which was filed as an exhibit to Defendants' Motion to Compel, with her date and place of birth, address, phone numbers, and email address redacted. If you would like to meet and confer on this issue, please let us know.

Regards,

- Rob

---

**Robert J. Liubicic | Milbank**
601 S. Figueroa Street | Los Angeles, CA 90017
T: +1 213.892.4525 | F: +1 213.892.4725
C: +1 213 221.5616
rliubicic@milbank.com | www.milbank.com

---

**From:** McKenna, Stephen C. [mailto:McKennaS@SEC.GOV]
**Sent:** Wednesday, December 05, 2012 8:37 PM
**To:** Lee, Randall (Randall.Lee@wilmerhale.com); Kurzban, Jessica (Jessica.Kurzban@wilmerhale.com); Yates, Jessica (jyates@swlaw.com); Valentine, John (John.Valentine@wilmerhale.com); Marks, Jerry L.; Liubicic, Robert; Schlesinger, Alisa; Andy Schultz (ASchultz@rodey.com)
**Cc:** Kasper, Gregory; Bliss, Dugan
**Subject:** SEC v. Goldstone, et al., inadvertently produced privileged documents

Counsel,

In footnote 1 to Defendants' Motion to Compel, Defendants state that "the SEC produced eight PCAOB witness questionnaires to the Defendants as part of its initial disclosures without asserting any privilege or otherwise objecting." The production of those questionnaires, other than the Rinehart and Hall questionnaires, in the over 150,000 documents and 2.4 millions pages produced by the SEC was inadvertent. Rather than notify the SEC that privileged materials had been produced, the Defendants elected to include one of the questionnaires, Ms. Baucom's, as an exhibit to a deposition and now to their motion which was publicly filed with the court. We also note that the questionnaire contains such personal information as Ms. Baucom's date and place of birth, address, phone numbers, and e-mail address, information we would ordinarily expect to be redacted and believe is required to be redacted under electronic filing rules. We did not notice that the questionnaire was protected when it was introduced at Ms. Baucom's

1

deposition, but that oversight should not waive any privilege or protection. We request that all copies of the PCAOB questionnaires, other than the Rinehart and Hall questionnaires, be returned at this time.

Thank you,



Stephen C. McKenna
Trial Attorney
U.S. Securities and Exchange Commission
Denver Regional Office
1801 California St., Suite 1500, Denver CO  80202
tel: 303.844.1036   email: McKennaS@sec.gov

================================================================

IRS Circular 230 Disclosure: U.S. federal tax advice in the foregoing message from Milbank, Tweed, Hadley & McCloy LLP is not intended or written to be, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed regarding the transactions or matters addressed. Some of that advice may have been written to support the promotion or marketing of the transactions or matters addressed within the meaning of IRS Circular 230, in which case you should seek advice based on your particular circumstances from an independent tax advisor.
================================================================

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.