IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

vs.                                                                                            CIVIL NO. 12-257 (JB-LFG )

LARRY A. GOLDSTONE,
CLARENCE G. SIMMONS, III, and
JANE E. STARRETT,

        Defendants.

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO
COMPEL ADDITIONAL TESTIMONY FROM DEFENDANT JANE STARRETT**

Plaintiff submits this brief in further support of its Motion to Compel Additional Testimony from Defendant Jane Starrett ("Motion" (Doc. 164)).

**PRELIMINARY STATEMENT**

Ms. Starrett refused to provide testimony regarding Investigative Exhibit 71, asserting that the document is privileged. She refused to provide this relevant testimony despite (a) conceding that she does not possess any privilege over the document and (b) despite the holder of the privilege, the Thornburg Trustee, indicating that he had no objection to her providing such testimony. This improper evasion should not be allowed. Plaintiff respectfully requests that the Court compel further deposition testimony from Ms. Starrett regarding Investigative Exhibit 71.

**ARGUMENT**

I.  **Ms. Starrett Has No Claim of Privilege Over Investigative Exhibit 71 and Should be Compelled to Provide Testimony Regarding the Document.**

    A.  <u>Ms. Starrett Has No Claim of Privilege Over Investigative Exhibit 71.</u>

There is one fact relevant to this motion that is both dispositive and undisputed: "Ms. Starrett has *never* claimed that she is the holder of the privilege" over Investigative Exhibit 71. (*See* Defendant Jane Starrett's Opposition to Plaintiff's Motion to Compel Additional Testimony from Defendant Jane Starrett (Doc. 169) ("Starrett Op.") at 8.) As a result, Ms. Starrett does not have "standing" to assert any privilege that might be contained in that document, and should not be permitted to refuse to answer questions based upon a privilege she concedes she does not possess. *See Novak v. Capital Mgmt. & Dev. Corp.*, 241 F.R.D. 389, 394 (D.D.C. 2007).

Tellingly, Ms. Starrett does not cite a single case that even purports to stand for the proposition that she should be allowed to assert a privilege she does not possess. There is no support for her position.

Her attempt to distinguish the cases cited by the Plaintiff, which demonstrate that her refusal to testify was improper, fails. As for the *Novak* case, Ms. Starrett fundamentally misstates the court's holding. The court's ruling did not turn on the fact that the defendants, the party asserting a privilege it did not possess, were not the party to whom the subpoena was directed, as Ms. Starrett states. (Starrett Op. at 8.) To the contrary, the court specifically found that "a party may challenge a subpoena when enforcement of it may disclose information that the party can claim is privileged . . . ." *Id.* Rather, the court held that the defendants' objection was improper because they were asserting a privilege they did not possess:

> [T]he Defendants could challenge enforcement of the subpoena if they showed it threatened the disclosure of information that was protected by the attorney-client

> or work product privileges. But, these Defendants could not challenge the subpoena on the grounds that it threatened the disclosure of information that was privileged because of the attorney-client relationship between the insurance carrier and its counsel or because it represented the work product of the insurance carrier's counsel. They have no standing to make such an objection.

*Id.* Underscoring the unreasonableness of Ms. Starrett's position, the *Novak* decision was issued in response to the court's order to show cause why the defendants should not be sanctioned for filing a motion objecting to the subpoena issued to the third-party insurance carrier, and the court ordered that the defendants pay the attorneys' fees and costs of the Plaintiff expended responding to the improper objection.[1] *Id.* at 390, 396.

Ms. Starrett's attempt to distinguish *United States v. Ferrell*, No. CR07-0066MJP, 2007 WL 2220213 (W.D. Wash. Aug. 1, 2007), is based upon the fact that, in that case, it was "unambiguous" that the "true client" was not asserting the privilege. (*See* Starrett Op. at 9.) However, as discussed more fully below, the "true client" here, theThornburg Trustee, was entirely clear that he had no objection to Plaintiff asking Ms. Starrett questions regarding Investigative Exhibit 71. (*See infra* at 4-5.)

Ms. Starrett asserts that if she were not permitted to assert this privilege – which she concedes she does not possess – "*every* executive could be forced to divulge otherwise privileged communications inasmuch as the company (rather than the executive) is always the holder of the privilege." (Starrett Op. at 1.) This argument, however, addresses the situation

---

[1] It is entirely unclear how Ms. Starrett reads *Novak* to "support[]" her position. (*See* Starrett Op. at 8.) Ms. Starrett is correct that the *Novak* court "held that defendants could 'make a legitimate claim of privilege . . . as [to] a confidential communication between themselves and *their* counsel.'" (Starrett Op. at 8 (quoting *Novak*, 241 F.R.D. at 394) (emphasis added).) Likewise, Ms. Starrett would have a "legitimate claim of privilege" if she was asserting a confidential communication between her and *her* counsel. However, as she concedes, Investigative Exhibit 71 involves a communication with Thornburg's counsel, not *hers*, and that is a privilege she does not possess. (*See* Starrett Op. at 3, 8.)

where the company has asserted a privilege. That situation simply does not apply where, as here, the company (in this case the Thornburg Trustee) has indicated that the contested document is not privileged. (*See* Ex. B;[2] *infra* at 4-5.) Ms. Starrett is not being asked to "waive a privilege she does not possess" (*see* Starrett Op. at 8), but to respect the determination of the holder of the privilege. The law is clear: Ms. Starrett may not hide behind a purported privilege that she does not possess. That Ms. Starrett has no claim of privilege over Investigative Exhibit 71 – which she concedes – is dispositve.

      B.      <u>Ms. Starrett's Argument is Based Upon False Assertions.</u>

Ms. Starrett's argument rests upon two fundamentally false assertions. <u>First</u>, Ms. Starrett asserts that the Thornburg Trustee has "claim[ed]" a privilege over Investigative Exhibit 71. (*See* Starrett Op. at 7.) Any suggestion that the Thornburg Trustee was asserting a privilege as to Investigative Exhibit 71 or interposing any objection to Ms. Starrett answering questions regarding that incriminating document is false.

There is no honest way to read the email exchange prior to Ms. Starrett's deposition between counsel for Plaintiff and the Thornburg Trustee as anything other than what it was: Counsel for Plaintiff seeking to confirm that the Thornburg Trustee had no objection to Ms. Starrett being questioned on Investigative Exhibit 71, a document previously produced by Thornburg, and the Thornburg Trustee explicitly providing that confirmation. (*See* Ex. B at 2-3.) On January 10, 2013, counsel for Plaintiff wrote to Joel Sher, the Thornburg Trustee:

> I intend to use one of those documents (a copy is attached) in a deposition next week, and want to confirm that you do not have a claim of privilege over the document.

---

[2] All citations to "Ex. __" refer to the exhibits attached to the Declaration of Gregory A. Kasper in Support of Plaintiff Securities and Exchange Commission's Motion to Compel Additional Testimony from Defendant Jane Starrett (Doc. 164-1) ("Kasper Decl.").

(Ex. B at 2.)  The Thornburg Trustee's response, in its entirety, follows:

> I am not asserting privilege in the document at this time.  I do however reserve the right to assert privilege if other facts come to my attention which change my view.

(*Id.*)  In other words:  feel free to use the document at your deposition.  Despite this clear expression, Ms. Starrett refused to answer questions regarding Investigative Exhibit 71.

In an effort to create confusion, Ms. Starrett conflates whether the Thornburg Trustee is asserting any privilege over Investigative Exhibit 71 with whether he was waiving the privilege. (*See* Starrett Op. at 7-8.)  The Thornburg Trustee stated that in his view the document is not privileged and, accordingly, he had no objection to Plaintiff questioning fact witnesses regarding its contents.  (*See* Ex. B at 2.)  Ms. Starrett's recital of the Thornburg Trustee stating that he is not waiving anything demonstrates that Mr. Sher is a careful lawyer, not that the he has any objection to the document being used.  Waiver is simply not an issue where the holder of a purported privilege has not asserted it, and, as a result, there is no privilege to waive.

Second, Ms. Starrett asserts that Investigative Exhibit 71 is "unequivocally privileged," that "[t]here is no question that the Email with Counsel constitutes a communication protected by the attorney-client privilege," and that "on its face, [the document] is clearly a privileged attorney-client communication."  (*See* Starrett Op. at 1, 2, 5.)  Repetition does not make an assertion true, and each of those statements is false.  Ms. Starrett's purported basis for her assertion is the Plaintiff's position that – in light of the Thornburg Trustee expressing his view that the email is not privileged and making no effort to prevent Plaintiff from asking Ms. Starrett questions about the email – "whether the document was, in fact, privileged is irrelevant." (Starrett Op. at 1 (quoting Motion at 7).)  However, the former does not follow from the latter.

5

Plaintiff's assertion that it is irrelevant whether the document is privileged does not, in any way, suggest that the document is, in fact, privileged. There are countless matters irrelevant to this motion: that they are irrelevant does not mean that they have been determined in some manner to Ms. Starrett's liking.

Moreover, the facts are to the contrary. The relevant fact is that the holder of the privilege has determined that the document is not privileged. (*See* Ex. B.) Accordingly, any assertion that the email is "unequivocally privileged" is simply contrary to fact.[3] Ms. Starrett does not have "standing" to dispute the conclusion reached by the Thornburg Trustee.

C.  Ms. Starrett's Assertion of Privilege Over Investigative Exhibit 71 is Unfair.

Contrary to Ms. Starrett's suggestion, Plaintiff is not asserting that it should be allowed to question Ms. Starrett about Investigative Exhibit 71 because the document is particularly damaging to Ms. Starrett. (*See* Starrett Op. at 9-10.) Rather, Thornburg's Trustee has produced numerous documents involving Thornburg's counsel (Kasper Decl. ¶ 8), some of which Defendants have already used (Kasper Decl. ¶ 9), and it is unfair and unworkable to allow Defendants to use the ones they chose and exclude those that are harmful to them. Plaintiff should not have to get a privilege determination from Ms. Starrett, or this court, before using documents that the Thornburg Trustee has produced and has not asserted a privilege over.[4]

---

[3] Moreover, it is far from clear that the email is, in fact, privileged. Not only has the Thornburg Trustee asserted that the email "is not a privileged communication based upon *In Re Grand Jury Proceedings, Thursday Special Grand Jury Sept. Term*, 1991, 33 F.3d 342 (4th Cir. 1994)" (Ex. B at 1), but on its face Ms. Starrett's email to Thornburg's counsel does not appear to be "for the purpose of securing legal advice," as Ms. Starrett concedes is necessary for the document to be privileged (*see* Starrett Op. at 5).

[4] Ms. Starrett's implication that the court should be making privilege determinations on documents where no privilege has been asserted is clearly unworkable as it would impossibly burden the court and grind discovery to a standstill. (*See* Starrett Op. at 2 (citing the Thornburg

6

There can be little doubt that the Defendants have happily disregarded privileges when it was to their liking.  They attempt to distinguish their use of exhibits involving Ms. Fox from Investigative Exhibit 71 based upon the fact the exhibits Defendants used included auditors.[5]  (*See* Starrett Op. at 10.)  However, it is widely understood that including accountants on communications with counsel does not necessarily destroy the privilege.  *See*, *e.g.*, *United States v. Kovel,* 296 F.2d 918, 922 (2d Cir. 1961) ("Hence the presence of an accountant, whether hired by the lawyer or by the client, while the client is relating a complicated tax story to the lawyer, ought not destroy the privilege . . . ) (Friendly, J.); *see also* 3 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence*, §503.12[4][b] (Joseph M. McLaughlin, ed., Matthew Bender 2d ed. 2013).  Ms. Starrett concludes by confirming that she is employing a double standard regarding privileges by her reference to the PCAOB questionnaires.  (*See* Starrett Op. at 10-11.)  Ms. Starrett notes that the questionnaires were "voluntarily produced . . . without ever claiming that those questionnaires were privileged." (*Id.* at 10.)  This is, of course, identical to Investigative Exhibit 71: it, too, was voluntarily produced and the Thornburg Trustee did not – and still does not – claim that the email is privileged.

---

Trustee's statement that he "reserve[s] the right to assert privilege . . . if the Court later determines that the document is a privileged communication").)

[5]     Defendants suggestion that Plaintiff attempted to hide this fact from the Court – noting that Plaintiff "notably" failed to provide copies of the exhibits to the Court (Starrett Op. at 10) – is plainly false.  In its Motion and in the Kasper Declaration in support of that motion, Plaintiff specifically disclosed that those emails included "KPMG employees." (Motion at 8; Kasper Decl. ¶ 9.)

## CONCLUSION

Plaintiff respectfully requests that the Court compel further deposition testimony from Defendant Jane Starrett regarding Investigative Exhibit 71.

DATED May 23, 2013

                                                  s/ Gregory A. Kasper
                                                Stephen C. McKenna
                                                Gregory A. Kasper
                                                Dugan Bliss
                                                Attorneys for Plaintiff
                                                Securities and Exchange Commission
                                                1801 California Street, Suite 1500
                                                Denver, CO 80202
                                                Ph. (303) 844-1000
                                                email:
                                                mckennas@sec.gov
                                                kasperg@sec.gov
                                                blissd@sec.gov

## CERTIFICATE OF SERVICE

  I hereby certify that on May 23, 2013, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system that will send notification of such filing to all counsel of record.

Michael Hoses
Assistant United States Attorney
P.O. Box 607
Albuquerque, NM 87103
(505) 346-7274
E-mail: Michael.hoses@usdoj.gov
*Local Counsel for Plaintiff Securities and Exchange Commission*

Alanna G. Buchanan (alanna.buchanan@wilmerhale.com)
Joel Fleming (joel.fleming@wilmerhale.com)
Chris Johnstone (chris.johnstone@wilmerhale.com)
Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA 94304
Phone: (650) 858-6000
Fax: 650-858-6100

Randall R. Lee (Randall.lee@wilmerhale.com)
Jessica F. Kurzban (Jessica.kurzban@wilmerhale.com)
Peiyin Patty Li (Patty.li@wilmerhale.com)
Wilmer Cutler Pickering Hale and Dorr LLP
350 S. Grand Avenue, Suite 2100
Los Angeles, CA 90071
Phone: (213) 443-5360

John A. Valentine (john.valentine@wilmerhale.com)
Lauren R. Yates (lauren.yates@wilmerhale.com)
Michael A. Lamson (Michael.lamson@wilmerhale.com)
April N. Williams (April.Williams@wilmerhale.com)
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Ave., NW
Washington, DC 20006
Phone:  (202) 663-6000
Fax:  (202) 663-6363

*Attorneys for Defendant Larry Goldstone and Clarence Simmons, III*

Andrew G. Schultz (aschultz@rodey.com)
Bruce D. Hall (bhall@rodey.com)
Melanie B. Stambaugh
Rodey, Dickason, Sloan, Akin & Robb, P.A.
201 3rd Street NW, Suite 2200
P.O. Box 1888
Albuquerque, NM 87102
*Attorneys for Defendants Larry Goldstone, Jane E. Starrett and Clarence Simmons, III*


Jerry L. Marks (jmarks@milbank.com)
Alisa Schlesinger (aschlesinger@milbank.com)
Elena Kilberg (ekilberg@milbank.com)
Robert J. Liubicic (rliubicic@milbank.com)
Milbank, Tweed, Hadley & McCloy LLP
601 S. Figueroa Street, 30th Floor
Los Angeles, CA 90017
Phone (213) 892-4000
Fax:  (213) 892-5063

Thomas Arena (tarena@milbank.com)
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005
Phone: (212) 530-5000
Fax:  (212) 530-5219

*Attorneys for Defendant Jane Starrett*

                                                s/ Gregory A. Kasper
                                                Gregory A. Kasper