IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

vs.                                                                                          No. CIV 12-0257 JB/LFG

LARRY A. GOLDSTONE,
CLARENCE G. SIMMONS, III and
JANE E. STARRETT,

      Defendants.

## MEMORANDUM OPINION[1]

**THIS MATTER** comes before the Court on the Plaintiff's Motion to File Surreply to Defendants' Reply in Support of Motion to Compel a Privilege Log Individually Listing Each of Many Thousands of Privileged Documents, filed October 10, 2013 (Doc. 223)("Motion"). The Court held a hearing on December 13, 2013. The primary issue is whether the Court should permit Plaintiff Securities and Exchange Commission (the "SEC") to file a surreply when the Defendants raised a new issue in their reply brief. Because a new issue was raised in the Defendants' reply brief, and because a surreply will not necessitate further briefing, the Court will grant the Motion.

---

[1] The Court issued an Order, filed September 18, 2014 (Doc. 341), granting the Plaintiff's Motion to File Surreply to Defendants' Reply in Support of Motion to Compel a Privilege Log Individually Listing Each of Many Thousands of Privileged Documents, filed October 10, 2013 (Doc. 223), stating that the Court "may . . . at a later date issue a Memorandum Opinion more fully detailing its rationale for this decision." Order at 1 n.1. This Memorandum Opinion is the promised opinion.

## PROCEDURAL BACKGROUND

The Defendants filed the Defendants' Motion to Compel a Sufficient Privilege Log by Plaintiff Securities and Exchange Commission, filed August 6, 2013 (Doc. 200)("Motion to Compel").  In the Motion to Compel, the Defendants argue that the privilege log that the SEC produced is "defective because it makes blanket unsubstantiated privilege claims over enormous categories of documents" and fails to "'assist opposing counsel in determining whether the underlying documents are privileged.'"  Motion to Compel at 1 (quoting Cabot v. Wal-Mart Stores, Inc., No. CIV 11-0260 JB/RHS, 2012 WL 592874, at *13 (D.N.M. Feb. 16, 2012)(Browning, J.)).  The SEC responds by arguing that its privilege log complies with rule 26(b)(5)(A) of the Federal Rules of Civil Procedure; that the Defendants' requests are overly broad and unduly burdensome; that the requested information is not relevant and would not help the Defendants; and that the Motion to Compel is untimely.  See Plaintiff's Opposition to Defendants' Motion to Compel a Privilege Log Individually Listing Each of Many Thousands of Privileged Documents at 1-3, 20, filed September 6, 2013 (Doc. 210)("MC Response").  The Defendants reply by arguing that the Motion to Compel was not untimely.  The Defendants contend that the SEC agreed to extend the timeframe for the Defendants to file motions to compel to fourteen days after the SEC had completed all of the production requests for the Defendants' First Set of Requests for the Production of Documents to Plaintiff Securities and Exchange, filed October 5, 2012 (Doc. 77).  See Reply in Support of Defendants' Motion to Compel a Sufficient Privilege Log by Plaintiff Securities and Exchange Commission at 1-2, filed October 4, 2013 (Doc. 219)("MC Reply").  The Defendants assert that the SEC should not be permitted to "renege on its express agreement with Defendants."  MC Reply at 2.

On October 10, 2013, the SEC filed the Motion. In the Motion, the SEC requests leave of the Court to file a two page surreply addressing the Defendants' argument that the SEC reneged on its agreement to allow the Defendants additional time to file motions to compel. See Motion at 1. The SEC attaches to the Motion the Plaintiff's Surreply to Defendants' Reply in Support of Motion to Compel a Privilege Log Individually Listing Each of Many Thousands of Privileged Documents, filed October 10, 2013 (Doc. 223-1)("Surreply"). The Defendants respond, by arguing that the SEC had an opportunity to address the agreement between the parties in the MC Response, when the SEC argued that the Motion to Compel was untimely. See Defendants' Opposition to Plaintiff's Motion to File a Sur-reply to Defendants' Reply in Support of Motion to Compel a Sufficient Privilege Log by Plaintiff Securities and Exchange Commission at 1, filed October 21, 2013 (Doc. 228)("SR Response"). In reply, the SEC argues that the Defendants raised the issue of the alleged agreement to delay the motions to compel for the first time in the MC Reply, making the Surreply necessary. See Reply in Support of Plaintiff's Motion to File Surreply to Defendants' Reply in Support of Motion to Compel a Privilege Log Individually Listing Each of Many Thousands of Privileged Documents at 1, filed November 4, 2013 (Doc. 230)("SR Reply").

## LAW REGARDING SURREPLIES

Under local rule 7.4(b), "[t]he filing of a surreply requires leave of the Court." D.N.M.LR-Civ. 7.4(b). Surreplies are often granted when a new argument or new evidence is presented in a reply brief. See Walker v. THI of N.M. at Hobbs Ctr., No. CIV 09-0060 JB/KBM, 2011 WL 2728344, at *1 (D.N.M. July 6, 2011)(Browning, J.)("A surreply is appropriate and should be allowed where new arguments are raised in a reply brief.")(citing Pimentel & Sons Guitar Makers, Inc. v. Pimentel, 229 F.R.D. 201, 204 (D.N.M. 2005)(Browning, J.)). A surreply

gives the nonmovant a chance to respond to the new information.  See Walker v. THI of New Mexico at Hobbs Ctr., 2011 WL 2728344, at *1.  A surreply may also be granted when the issue is discrete and will not necessitate further briefing.  See Shattuck v. Lucero, No. CIV 04-1287 JB/WPL, 2005 WL 2295555, at *1 (D.N.M. Aug. 8, 2005)(Browning, J.).

## ANALYSIS

The Court will grant the Motion and will consider the Surreply, because the Defendants' raised a new issue in the MC Reply.  The SEC argues that the Surreply will shed light on the alleged agreement between the parties regarding the timeliness of the Motion to Compel.  See Motion at 1.  Furthermore, the SEC argues that the Surreply is necessary, so that the Court is not "misled into believing the SEC made and reneged on any such agreement."  Motion at 1.  The MC Reply first raised the issue of whether the SEC and the Defendants entered into an agreement concerning the timing of filing motions to compel.  See MC Reply at 1-2.  Because the SEC has not had an opportunity to address this issue, the Court should grant the Motion.  See Walker v. THI of New Mexico at Hobbs Ctr., 2011 WL 2728344, at *1.  Furthermore, the content of the Surreply is discrete and will not necessitate further briefing.  See Shattuck v. Lucero, 2005 WL 2295555, at *1.  The Defendants have had an opportunity to inform the Court about the alleged agreement, see MC Reply at 1-2; the SEC should, therefore, have an opportunity to present its side.

**IT IS ORDERED** that the Plaintiff's Motion to File Surreply to Defendants' Reply in Support of Motion to Compel a Privilege Log Individually Listing Each of Many Thousands of Privileged Documents, filed October 10, 2013 (Doc. 223), is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Damon P. Martinez
  United States Attorney
Michael H. Hoses
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

-- and --

Stephen C. McKenna
Gregory A. Kasper
Dugan Bliss
Ian S. Karpel
United States Securities and Exchange Commission
Denver, Colorado

  *Attorneys for Plaintiff Securities and Exchange Commission*

Robert Badal
Santa Barbara, California

-- and --

Bruce D. Hall
Andrew G. Schultz
Melanie B. Stambaugh
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

-- and --

Chris Johnstone
Alanna G. Buchanan
Wilmer, Cutler, Pickering, Hale & Dorr, LLP
Palo Alto, California

-- and --

John Valentine
Lauren R. Yates
Michael A. Lamson
April N. Williams
Skye Lynn Perryman
Wilmer, Cutler, Pickering, Hale & Dorr, LLP
Washington, D.C.

-- and --

Randall Lee
Daniel R. Crump
Jessica Kurzban
Wilmer, Cutler, Pickering, Hale & Dorr, LLP
Los Angeles, California

    *Attorneys for Defendants Larry A. Goldstone and Clarence G. Simmons, III*

Bruce D. Hall
Andrew G. Schultz
Melanie B. Stambaugh
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

-- and --

Thomas Arena
Milbank, Tweed, Hadley & McCloy, LLP
New York, New York

-- and --

Jerry L. Marks
Paul M. Torres
Robert J. Liubicic
Alisa Schlesinger
Elena Kilberg
Milbank, Tweed, Hadley & McCloy, LLP
Los Angeles, California

    *Attorneys for Defendant Jane E. Starrett*

W. Spencer Reid
Keleher & McLeod
Albuquerque, New Mexico

-- and --

George A. Salter
Peter J. Dennin
Hogan Lovells US, LLP
New York, New York

*Attorneys for Intervenor KPMG*